# Tillis & O'Neal v. Austin.

### *Statutory Action of Detinue.*

1. *Signing written instrument without reading it; fraud in obtaining signature a defense.*—Where the execution of a written instrument is obtained by misrepresentations of its contents and of its character, and the party is induced by such fraud to sign an instrument he did not know he was signing, and which he did not intend to sign, the party so defrauded can avoid the effect of his signature because of the fraud practiced upon him, notwithstanding he may have neglected to read the instrument or have it read to him.

2. *Same; sufficiency of plea.*—Where to a suit founded upon a written instrument the defendant sets up the defense that he was induced to sign the instrument by false representations and that by reason of such misrepresentations he signed it without reading it, it is not necessary to aver in a plea which alleges the facts showing the false representations by which the defendant was induced to sign the note, that the defendant was unable to read it.

3. *Pleading and practice; when overruling motion to strike plea is without prejudice.*—Though a special plea filed in a case setting up a defense which was available under the general issue, which was pleaded, may properly be striken from the file on motion of the plaintiff, the denial of plaintiff's motion to strike it, or the overruling of a demurrer to the plea, is without prejudice to the plaintiff.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of detinue, brought by the appellants, Tillis & O'Neal, against the appellee, A. W. Austin, to recover certain personal property specifically described in the complaint. The plaintiffs base their right of recovery upon a mortgage which was signed by the defendant, and which conveyed to the plaintiffs the property sued for. The defendant pleaded the general issue and a special plea, the substance of which special plea is sufficiently stated in the opinion.

The plaintiffs demurred to the special plea upon the following grounds: 1st. Said plea fails to aver that defendant can neither read nor write. 2d. Said plea fails to aver that defendant failed to read said instrument by reason of the misrepresentations therein alleged. 3d. Said plea is no answer to the complaint in this, that it

does not appear from said complaint that any instrument whatever is sued on. And plaintiff moved the court to strike that part of said plea which is in these words, viz., "That defendant because of the misrepresentations signed a paper that he would not have signed had it been known to him that it was a mortgage," because the same is (1st) argumentative, and (2d) the conclusion of the pleader, and (3d) because the same is an expression of opinion as to said matter alleged in said plea. This demurrer and motion were overruled, and plaintiff separately excepted.

There was judgment for the defendant. The plaintiffs appeal, and assign as error the rulings of the court in overruling the demurrer to the special plea and the motion to strike, and the rendition of judgment for the defendant.

M. E. MILLIGAN, for appellant.

H. L. MARTIN and SOLLIE & KIRKLAND, *contra.*

BRICKELL, C. J.—The demurrer to the special plea interposed by the defendant, and the motion to strike the same from the file, were properly overruled. The plea declared in substance that the execution of the mortgage under which plaintiffs claimed title to the chattels sued for was procured by fraud ; that defendant had refused to sign a mortgage, as requested by plaintiffs, but had agreed to sign a note, and that thereupon plaintiffs had instructed their clerk to prepare a note ; that said clerk then filled out a paper about the size of an ordinary note and told defendant it was a note and not a mortgage ; and that defendant, relying upon the representation that the instrument was a note and not a mortgage, signed the same without reading it, believing it to be a note and not a mortgage. When the execution of an instrument, which the party signing did not intend to sign and did not know he was signing, is procured by a misrepresentation of its contents, and the party signing it does so without reading it or having it read, relying upon such misrepresentations and fraud, and believing he is signing a different instrument, he can avoid the effect of his signature notwithstanding he was able to read and had an opportunity to read the instrument.

*Beck & Pauli Lith. Co. v. Houppert & Worcester*, 104 Ala. 506; *Borroughs v. Pacific Guano Co.*, 81 Ala. 258. It was not necessary, therefore, to have averred in the plea that the defendant was unable to read. In an action of detinue, in which plaintiff claims title under a mortgage executed by defendant, such defense is available under a plea of the general issue, or *non detinet*, and it was competent to prove every fact alleged in the special plea under the plea of the general issue, which was pleaded in the cause.—*Foster v. Johnson,* 70 Ala. 251. And while a special plea setting up a defense which is fully covered by other pleas in the cause, or which is available under a plea of the general issue, which is pleaded, may properly be stricken from the file on motion, yet the refusal of the motion or the overruling of a demurrer to the plea, is without injury to the plaintiff.—*Feibelman v. Manchester Fire Assurance Co.*, 108 Ala. 180.

The judgment of the circuit court is affirmed.