[Dunham Lumber Co. v. Holt *et al.*]

# Dunham Lumber Co. *v.* Holt *et al.*

*Bill in Equity to Set Aside and Annul a Judgment entered upon a Statutory Award and to be Allowed to Establish a Set Off against Judgment.*

1. *Bill to annul judgment; when mistake or fraud grounds of relief each must be sufficient.*—On a bill filed to set aside and annul a judgment in a court at law entered upon a statutory award, where the averments of the bill seek to aver, as grounds for relief, mistake *or* fraud, the averment of the existence of each of such grounds must be sufficient to authorize the relief prayed for, or neither is sufficiently averred.

2. *Misrepresentations as to contents of writing; when not shown to constitute legal fraud vitiating the instrument.*—A misrepresentation by one of the parties signing a written instrument, to the other party as to the contents of the writing, when both could read and when both had an opportunity to read the instrument, and the one does not fraudulently prevent the other from reading such instrument which both signed, is not, in a legal sense, a fraud, and does not vitiate the writing.

3. *Award of arbitration; fraud or mistake in submission will not authorize setting aside of award.*—Where fraud or mistake in the submission to arbitration comes to the knowledge of a party complaining of the award, before the award is made, and he does not then repudiate the submission, but proceeds under it until the award is made, such party can not afterwards impeach the award on the ground of such fraud or mistake.

4. *Equity of bill to establish set off against judgment; when averments sufficient.*—Where a bill filed by one against whom there has been recoved a monied judgment, on which execution has been issued, avers that such judgment creditor is justly indebted to the complainant on an account extraneous to the judgment in a sum greatly in excess of such judgment, and that the creditor is utterly insolvent and owns no property liable to the demands of the complainant and subject to process for the collection of debts under the laws of the State, and there is an appropriate prayer for relief by way of set-

[Dunham Lumber Co. v. Holt *et al.*]

ting off the judgment creditor's indebtedness to the complaint, so far as necessary, in satisfaction of such judgment against the complainant, such bill contains equity, and upon· proof of the averments thereof authorizes the relief prayed for.

APPEAL from the Chancery Court of Montgomery. .
Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant against the appellee, W. C. Holt, and averred substantially the following facts: Holt claimed that Dunham Lumber Co. owed him over two thousand dollars, and brought suit in the circuit court of Butler county, (where Dunham Lumber Co. had its principal place of business), and after pleas were filed, Holt and the Lumber Co. agreed to arbitrate their differences, and went to Lester C. Smith, an attorney selected by both parties, to whom they explained their differences and desires, and caused him to draw up articles of arbitration. The arbitration was had and an award rendered in favor of Holt for about $1,500. Afterwards the Lumber. Co. attempted to petition for *mandamus* to compel the arbitrators to charge this defendant with an item for $6,185.82, which petition was heard by Hon. John R. Tyson, circuit judge, and denied. An appeal was taken to the Supreme Court, and this court held that under the submission the arbitrators had no right to consider this item. The award of the arbitrators was made the judgment of the circuit court, as provided by statute.

Subsequently the Lumber Co. renewed its attempt to have this item of $6,185.82 passed on by the arbitrators, by making motion to quash the execution. This was heard by Hon. John R. Tyson, circuit judge, and by him the motion was denied. Again an appeal was taken to the Supreme Court and again it re-affirmed its former position and held, that the arbitrators acted correctly and should not have considered the items here com· plained of. After all this, the Lumber Co. filed this bill of complaint in which the main charges are that the arbitrators allowed Holt a verdict of $3,000 which the Lumber Co. claims should not have been allowed, and refused to charge Holt with $6,185.82, which the Lumber Co. claims should have been charged to Holt. The

22

grounds upon which the right to relief is rested as averred in the bill, are stated in the opinion.

Upon the filing of the bill an injunction issued restraining Holt from collecting the judgment on the award of the arbitrators. Holt then answered the bill, denying all the material averments contained therein, and made motions to, (1) discharge the injunction, (2) dissolve the injunction, and (3) to dismiss the bill for the want of equity.

On the submission of the cause, the chancellor rendered a decree sustaining the motion to dismiss the bill for the want of equity, dissolving the injunction and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. C. RICHARDSON, WATTS, TROY & CAFFEY, and HORACE STRINGFELLOW, for appellants.—A bill is never without equity when its statement of the facts present a case entitling the complainant to relief in a court of equity.—*Cahalan v. Monroe,* 56 Ala. 305. The important controlling question is, whether a case of equitable cognizance can be presented under the facts stated in the bill, when these facts are properly pleaded.—*Hooper v. S. & M. R. R. Co.,* 69 Ala. 534. A motion to dismiss a bill for want of equity should prevail only when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant can have no relief. The bill for the purposes of such a motion must be considered as if it had already been amended in all particulars in which amendments are proper.—*Bell v. Montgomery Light Co.,* 103 Ala. 280; *Pate v. Hinson,* 104 Ala. 602; *Robertson v. Walker,* 51 Ala. 484. When a bill is dismissed in vacation for want of equity, without allowing an opportunity to amend, the error will work a reversal of the decree, unless the record shows that the defects are not amendable.—*Kyle v. McKenzie,* 94 Ala. 239; *Bishop v. Wood,* 59 Ala. 253; *Kingsbury v. Milner,* 69 Ala. 505; *Stoudenmire v. DeBardelaben,* 72 Ala. 302; *Shackelford v. Bankhead,* 72 Ala. 476; *Goodlett v. Kelly,* 74 Ala. 213; *Conner v. Smith,* 74 Ala. 115; *Yonge v. Hooper,* 73 Ala. 119.

[Dunham Lumber Co. v. Holt *et al.*]

If the arbitrators exceeded their authority, or refused to consider matters submitted to them, their award must be set aside. If appellee W. C. Holt perpetrated a fraud on appellant, the Dunham Lumber Company, in securing the articles of submission the award must be set aside.—*Leslie v. Leslie,* 50 N. J. Eq. 155; *Bumpass v. Webb,* 4 Porter 70; *Burns v. Hendrix,* 54 Ala. 78; *Anderson v. Miller,* 108 Ala. 171; Morse on Arbitration and Award, pp. 342, 345.

If appellee, W. C. Holt, is insolvent, and is indebted to appellant, the Dunham Lumber Company, and appellant is indebted to appellee Holt the amount of the award, that of itself is sufficient to give equity to the amended bill. The insolvency of the debtor-creditor, who is proceeding to collect the sum due to him, is a distinct equitable ground entitling the party to relief, even in cases where both demands are purely legal. *Watts v. Sayre,* 76 Ala. 397; *Martin v. Mohr,* 56 Ala. 223; *Goldsmith v. Stetson & Co.,* 39 Ala. 183; *White v. Wiggins,* 32 Ala. 424-5; *R. R. Co. v. Rhodes,* 8 Ala. 206; *Scholze v. Steiner,* 100 Ala. 148. The demand of appellee, W. C. Holt, being a judgment, does not militate against the doctrine last stated.—*McMahon v. Crabtree,* 30 Ala. 470; *Jones v. Melton,* 6 Ala. 830.

GRAHAM & STEINER and HUGH NELSON, *contra.*—A bill for an injunction against a judgment at law, must show not only that the complainant had a valid defense against the claim but that he was ignorant of it until after the judgment was rendered and that his ignorance was not attributable to his own negligence or other fault.—*Headley v. Bell,* 84 Ala. 346.

Fraud is a conclusion of law from facts stated and proved. When it pleaded at law or in equity, the facts out of which it is supposed to arise must be stated, a mere general averment is insufficient upon which to pronounce judgment.—*Flewellen v. Crane,* 58 Ala. 627; *Jones v. Massey,* 79 Ala. 370.

The decisions of arbitrators are to be liberally construed and every reasonable intendment is made to support them.—*Strong v. Beroujon,* 18 Ala. 168; *Wolff v. Shelton,* 51 Ala. 425; *Edmundson v. Wilson,* 108 Ala.

118. Where the award is as general as the submission, every reasonable intendment must be made to sustain it. In the absence of some positive proof of neglect or refusal by arbitrators to decide any of the particular matters presented under the submission, the presumption is that their award covers all of the submission. *N. Y. Lumber & W. W. Co. v. Schnieder,* 119 N. Y. 475. The courts lay down two grounds for impeaching an award, first, fraud or impartiality, or some form of misconduct on the part of the arbitrators, and secondly, palpable mistake apparent on the face of the award, such as a miscalculation. Under the first head would be included excess of authority.—*Bumpass v. Webb,* 4 Porter 65; *Young v. Leaird,* 30 Ala. 371; *Wyatt v. R. R.,* 110 N. C. 245; Morse on Arbitration, 541; *Baker v. Crockett, Hardin* (Ky.) 388.

The court will not unravel the matter and examine into the justice and reasonableness of what is awarded. *Goldsmith v. Tilly,* 1 Harr. & John. (Md.) 363. The existence of a contract as well as its terms and legal construction are to be determined entirely by the arbitrators.—*Kleine v. Catara,* 2 Gall. (U. S.) 61. In a suit to set aside an award of arbitrators to whom submission was made in writing, on the ground that the arbitrators had exceeded their authority, it was held that one of the parties could not allege what was orally understood and agreed with the other when the submission was made. This is in agreement with the well established principle that a written contract cannot be varied by extrinsic matter.—*Leslie v. Leslie,* 50 N. J. Ch. 103 and 155. In *Stipp v. Washington Hall Co.,* 5 Black. (Ind.) 16, there was an objection to the award founded upon an explanation by the arbitrators appended to it, which, it was contended, showed that it was not final between the parties, a certain matter referred to in the explanation not having been considered by the arbitrators in making the award. Held that the validity of the award was not affected, the excluded matters *appearing not to have subsisted between the parties and not to have been embraced in the agreement of submission.*—See 2 Pomeroy, § 871, 349 and note 4; 1 Am. & Eng. Encyc. of Law

(1st edition), 706; 2 Amer. & Eng. Encyc. of Law, (2d edition), 782, 788.

McCLELLAN, C. J.—This is a bill in one aspect to set aside and annul a judgment entered upon a statutory award. The grounds upon which the right to the relief prayed in this connection is rested are stated in the tenth paragraph of the bill, as follows: "That it was the agreement and intention of the complainant (the Dunham Lumber Co.) and of the said W. C. Holt (the respondent) to submit every existing difference between them, equitable as well as legal, to the said board of arbitration, and that upon such agreement and understanding, and on account thereof, complainant agreed to submit existing differences to a board of arbitration, including the suit in the circuit court of Butler county. That the said suit was dismissed by the said W. C. Holt under said agreement and understanding. That if the said articles of submission do not embrace the said $6,185.82 received by said Holt for or on account of the complainant, the omission to embrace the same therein was the unintentional mistake of the scrivener of said articles of submission, or it was the intentional omission and fraud of W. C. Holt. That W. C. Holt stated to the complainant at the time of signing said articles of submission that said matters were included in the articles to be considered by the said arbitrators on said submission, and complainant so believed uptil upon the objection by W. C. Holt before the arbitrators, and the refusal by said arbitrators to consider and pass upon said matters. That said matters were a subsisting defense on the part of the complainant to the said W. C. Holt's right of action upon which he commenced his suit in the Butler circuit court, and was a legal subsisting off-set or defense to the debt or the demands which the arbitrators ascertained that the complainant was indebted to the said W. C. Holt." The effort here is obviously to aver mistake *or* fraud, one or the other but neither affirmatively. So that the averment of each must be sufficient or neither is averred. It may be that the averment of mutual mistake in the terms of the submission as committed to writing is

[Dunham Lumber Co. v. Holt *et al.*]

sufficient. But the averment of fraud clearly is not. For one to misrepresent to another the contents of a writing which both can read, which both have an opportunity to read, which the one does not fraudulently prevent the other's reading, and which both sign is not a vitiating misrepresentation and is not in legal sense a fraud. That is all of fraud that is attempted to be averred in this bill. But the bill is perhaps amendable in this respect, and we do not rest our conclusion that the bill is without equity in the aspect under consider· ation on the defects to which we have referred. There is another view, however, upon which the bill as one to annul a judgment entered upon a statutory award is without equity. The mistake or fraud attempted to be alleged is not averred as affecting or tainting the action of the arbitrators in making the award or the circuit court in entering it up as a judgment, but only as going to the articles of submission. The arbitrators made no mistake in the matter as it was submitted to them, nor of course the court and no fraud was practiced or attempted on them or the court. The mistake, if any, was committed by the parties in framing the submission, and if any fraud was practiced it was by one of the parties upon the other in respect of the contents of the writing by which the submission was made. And it appears by the bill that if any mistake had in fact supervened it was known to both parties before the award was made; indeed while the arbitrators were engaged in taking the testimony in the case. And so if fraud was committed that was likewise then known to both parties. On this state of case—and it is presented here beyond the aid of amendment—no relief can be granted by the chancery court—no equity is shown by the bill in this aspect. The complainant should have rejudiated the submission when it discovered the mistake or fraud. Instead, it went on in execution of the submission to a final award which has been entered as a judgment of a competent court. In such case the complainant cannot now attack the award and judgment for infirmities of the submission. The doctrine is thus broadly stated by the authorities: "The court, on motion, will set aside a submission which has been obtained by fraud, or where

[Dunham Lumber Co. v. Holt *et al.*]

there is a mistake made in drawing it up, or where the arbitrator is interested, prejudiced, or neglects to act; but an award will not be set aside because of fraud or mistake in the submission."—2. Am. & Eng. Encyc. Law, 594. We need not adopt this proposition in its fullest extent for the purposes of this case. It is only necessary here to hold as we do, that where the fraud or mistake in the submission to arbitration comes to the knowledge of the party who complains of it before an award is made, and he does not then repudiate the submission but proceeds under it till an award is made, he cannot afterwards impeach the award on the ground of such fraud or mistake.

The bill, however, has equity in another aspect. It alleges that Holt has a judgment against the complainant in the sum of about fifteen hundred dollars, which he is proceeding to enforce, that Holt is justly indebted to complainant on account extraneous to the judgment in the sum of over six thousand dollars, and that he is utterly insolvent and that he owns no property liable to the demands of complainant and subject to process for the collection of debts under the laws of the State. And on these facts there is an appropriate alternative prayer for relief by way of setting off Holt's indebtedness to complainant so far as necessary in satisfaction of Holt's judgment against complainant, etc., etc. These facts presented a case for equitable interference and relief.—*Martin v. Mohr*, 56 Ala. 221; *White v. Wiggins*, 32 Ala. 424; *Watts v. Sayre*, 76 Ala. 397, 400. And it follows that the decree of the chancellor sustaining the motion to dismiss the bill for want of equity must be reversed. A decree will be here entered overruling that motion and allowing respondent thirty days in which to demur, or plead to, or answer the bill.

Reversed and rendered.