# Henderson & Rainer v. Murphree.

## Action of Trover.

1. *On payment of senior mortgage; junior mortgage take full effect.*—Where a person executes two mortgages of different dates on the same property, and afterwards pays off and discharges the first mortgage debt out of funds independent of the mortgaged property, the property becomes liable to the satisfaction of the second mortgage without interference from the older one.

2. *Mortgage conveys legal estate; and right of possession.*—A mortgage conveys the legal estate and operates a transfer of the right of possession; and the mortgagee may enter in the case of land and recover in ejectment, or in case of personal property he may recover in trespass or trover, unless by express stipulation, or inconsistent reservation, or reasonable implication arising from express conditions, the mortgagee's right to possession is postponed until default or some future time.

APPEAL from Pike Circuit Court.

Tried before Hon. J. W. FOSTER.

Mrs. Copeland executed two mortgages on the same property; one to French & Ramage and the second to James Murphree, the plaintiff below in this action. Mrs. Copeland's son traded two of the mortgaged mules to the appellants, Henderson & Rainer. French & Ramage threatening to seize these mules, Mrs. Copeland deeded to them a piece of land in payment of their debt, with the understanding that they would secure Henderson & Rainer in their title to the mules. The mortgage to French & Ramage was never transferred or assigned by them, but was marked satisfied on the records. After the payment of the first mortgage debt, the appellee brought this action against Henderson & Rainer to recover damages for the conversion of the two mules.

CARMICHAEL & BRANNEN, for appellants.—Defendants holds the property under and by virtue of the senior mortgage to French & Ramage; because they

were in possession of the property when they contracted for its purchase on their mortgage debt, and it was the intention of the parties, which should control, that the property should go to satisfy the debt as if by regular foreclosure.—*Downing v. Flair,* 75 Ala. 216; *Carbite v. Reynolds,* 68 Ala. 378; *Mark v. Robinson,* 82 Ala. 69; *Comer v. Hads,* 65 Ala. 190; *Huckabee v. May,* 14 Ala. 263; *Shealey v. Edwards,* 73 Ala. 175.

FOSTER, SAMFORD & CARROLL, *contra,* contended that the effect of the transaction between Mrs. Copeland and French & Ramage was not to transfer any right to Henderson & Rainer. The latter knew nothing about it, parted with no consideration to affect the same.—*Keith v. Harn,* 89 Ala. 590; *Belser v. Youngblood,* 103 Ala. 545; 69 Ala. 392. (1). The first mortgage was satisfied in full on the record and the effect of this was to release the mortgage by the mortgagees.—Code, § 1066.

HARALSON, J.—The plaintiff held his mortgage subject to the one given to French & Ramage. Whenever their mortgage became satisfied, without resort by them to the mortgaged property, the property became liable to the satisfaction of plaintiff's mortgage, without interference by the older one. If it had taken the property to satisfy the senior, the junior mortgagee would have suffered no damage. When, however, the mortgagor paid and satisfied the senior mortgage, out of funds independent of the mortgaged property, and not arising therefrom, this mortgage was swept away, so far as. the junior mortgagee was concerned, and as between the mortgagor and the plaintiff,—the junior mortgagee—the second mortgage stood as though no prior mortgage had ever been executed to French & Ramage. The payment of this older mortgage was not made by the defendants, but by Mrs. Copeland, the mortgagor, in discharge of that mortgage, the defendants having no connection with the payment and discharge of the same. This older mortgage was never transferred or assigned to them, by the mortgagees therein, and they did not acquire by virtue of its payment by Mrs. Copeland, any right or lien on the property mortgaged. There was no outstanding title in French & Ramage,

with which defendants connected themselves, which could give them a right to defend against plaintiff's mortgage. As against him, they occupied the same legal attitude, as has been stated, that they would have occupied had said prior mortgage never been given. "By our settled rulings, a mortgage conveys the legal estate, and operates a transfer of the right of possession; and the mortgagee may (in the case of land), enter, and recover in ejectment (or in the case of personal property recover in trespass or trover) unless by express stipulation, or inconsistent reservation, or reasonable implication arising from expressed conditions, the mortgagee's right to possession is postponed until default, or some future time."—*Oliver v. Ala. G. L. Ins. Co.*, 82 Ala. 417, 427; *Robinson v. Marks*, 82 Ala. 69; *Heflin v. Seay*, 78 Ala. 180. There were no such reservation or conditions, but the very contrary appears, in the mortgage to plaintiff in this case. This mortgage, we hold conveyed to plaintiff and vested in him a title on which he could maintain trover against any one except French & Ramage, the holders of the first mortgage and those claiming in their right, if it had remained unsatisfied.—*Robinson v. Marks, supra.*

Affirmed.