(78 South. 902)

## ADAMS HARDWARE CO. v. WIMBISH.
### (5 Div. 696.)

(Supreme Court of Alabama. April 11, 1918.)

1. SALES ⟐38(7) — FALSE REPRESENTATIONS —OPPORTUNITY TO READ CONTRACT.

Buyer, who signs contract without reading it, relying upon representations of seller as to contents thereof, can avoid contract, where such representations were false, although he had an opportunity to read contract before signing.

2. EVIDENCE ⟐434(11) — PAROL EVIDENCE — FRAUD—WARRANTIES.

In an action by seller upon a written contract of sale, procured by seller through fraudulently representing contract to contain certain warranties, buyer can introduce parol evidence as to negotiations prior to execution of contract, to prove warranties.

3. SALES ⟐440(4) — ACTION BY SELLER — WARRANTIES — RIGHTS OF BUYER — EVIDENCE.

Buyer of grinding mill, in suit by seller, can introduce evidence of the condition and grinding capacity of the mill to prove the difference in value between the mill received and that as warranted.

4. TRIAL ⟐139(1) — PROVINCE OF JURY — WEIGHT OF EVIDENCE.

Weight and sufficiency of evidence is for jury.

5. APPEAL AND ERROR ⟐999(1)—REVIEW— VERDICT.

The verdict of a jury will not be disturbed on appeal, unless clearly wrong and unjust.

6. APPEAL AND ERROR ⟐930(1)—REVIEW— STATUTE.

Acts 1915, p. 722, providing that no presumption shall be indulged in favor of judgment of trial court on appeal, applies only where evidence is all written and documentary and where appellate court has same opportunity to weigh the evidence as the trial court, and does not affect presumption where evidence is ore tenus, or partly so.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Detinue by the Adams Hardware Company against H. A. Wimbish for certain engines and machinery. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

See, also, ante, p. 547, 78 South. 901.

The plaintiff offered a note and contract, signed by H. A. Wimbish, retaining title in the machinery sued for, the reservations being to the International Harvester Company, in the sum of $192, and also a written contract, signed by Wimbish, to the Adams Hardware Company, in the sum of $415, showing an agreement to pay that amount for the machinery described in the contract. Each of these contracts contained warranties and guaranties usual in such contracts. Defendant introduced Wimbish, who testified, over the objection of plaintiff, that before he put his signature to the contract, they represented to him that there was a written guaranty in the contract that the mill would grind from 8 to 10 bushels an hour; that witness would run no risk absolutely; that

witness had a guaranty. He further testified, over objection, that the agent said they would put everything in perfect shape, and guarantee the mill to grind 8 or 10 bushels an hour, and, if it did not do it, he need not pay for it. Over objection of plaintiff, witness was asked the following question. "When they presented these contracts to you to sign, what did they say to you, and, what did you say to them?" And witness was permitted to answer: "They said they had the guaranties all fixed up, and I asked them if they had put in the belt; and Mr. Sims said, 'No,' he forgot that, and he got the contract, and went to the desk, and wrote something, and picked it up, and read a section of it —that they would supply the belt to run it." Further testifying, witness said that the Adams Hardware Company was to install the machine, and sent a boy 17 or 18 years old to do it, and that the framework was rotten. Over objection of plaintiff, defendant was asked how much the mill would grind per hour after the machinery was installed, and after the plant was put in operation. Witness answered, "Three or 4 bushels an hour," and they guaranteed it to grind 8 or 10 bushels per hour. Defendant was asked, over objection of plaintiff, the following question: "What was the value of the property in the condition it came to you, if there was any difference in the value of it as it was represented to you, according to your evidence, and what it really was?" And witness answered: "$200." Witness was asked, also: "What, if anything, was said during the negotiation as to your being made satisfied with the property?" And the witness answered: "They said they would give me perfect satisfaction. I told them I didn't know anything about a Meadows mill, and they said they would put it in order, and for me not to pay a cent until it was put in order. When they asked me to sign the contract, I asked them about it being in there, that I was to be perfectly satisfied, and they said everything was in it." Other questions of similar import were asked and answered. It was without dispute that certain payments had been made upon the machine, and the suggestion was made that the action was based upon a contract retaining title, with the request that the jury ascertain how much was due under said contract.

Strother & Hines, of Lafayette, for appellant. N. D. Denson & Sons, of Opelika, for appellee.

ANDERSON, C. J. [1] While it is elementary law that parol evidence is not admissible to alter, change, or enlarge a written contract, and that previous agreements relating to the contract, when reduced to writing, become merged into the writing, it is also a well-established legal principle that,

when a contract is executed by one in reliance upon false representation as to its contents, it is not binding upon the party deceived, if he elects to avoid it, and it matters not that he could read, and had an opportunity to read the contract before signing same, if he did not read it, and acted upon the representations of the other. Commercial Co. v. Cooper Bros., 196 Ala. 285, 71 South. 684. "A party asserting facts cannot complain that the other took him at his word." Shahan v. Brown, 167 Ala. 534, 52 South. 737; Moline Jewelry Co. v. Crew, 171 Ala. 415, 55 South. 144; Folmar v. Siler, 132 Ala. 299, 31 South. 719.

[2] It is also settled that, when the execution of the contract is procured by fraud or misrepresentation, it is competent to show the true contract. Cooper Bros. Case, supra; Tillis v. Austin, 117 Ala. 262, 22 South. 975; Dunham Lumber Co. v. Holt, 123 Ala. 336, 26 South. 663. There was proof from which the jury could infer that the contract signed by the defendant was represented to him by the vendor's agent as containing certain warranties that were really not embraced in same; and, if this was true, the defendant had the right to show what they were, and what was the real contract, and in doing this could show the negotiations between the parties and the agreement reached, and the rulings of the trial court upon the evidence in this respect were free from reversible error.

[3] The defendant had the right to show the difference in the value of the articles he contracted to buy and the ones he actually received, and it was competent to show the condition and value of the mill he received, and its grinding capacity, and whether or not certain defects affected its usefulness and grinding capacity, and the extent to which it bore upon its value, as compared with such a one as the defendant contracted to buy.

[4-6] The defendant's evidence fully justified the verdict of the jury, and, while the plaintiff offered evidence to overcome same, the weight and sufficiency of all the evidence was for the jury, and, as the jury and trial court saw the witnesses and heard the evidence, they had the advantage of this court in weighing and considering same, and under the well-recognized rule laid down in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738, and repeatedly adhered to by this court, we are not satisfied, after allowing all reasonable presumptions in favor of the correctness of the verdict, that the preponderance of the evidence against the same is so decided as to clearly convince us that it was wrong and unjust. The act of 1915 (page 722), providing that no presumption in favor of the judgment of the trial court in granting or refusing a new trial shall be indulged by this court upon appeal, has no application to cases where the trial was had upon evidence ore tenus, or partly so, and the rule of Cobb v. Malone still prevails, except where the evidence is all written or documentary, and the advantages of this court for weighing and considering the evidence is equal to that of the trial court. Hatfield v. Riley, 199 Ala. 388, 74 South. 380; Caravella Shoe Co. v. Hubbard, ante, p. 545, 78 South. 899.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.