(78 South. 643)

BUTLER COTTON OIL CO. v. G. H. CAMP-
BELL & SON. (8 Div. 545.)

(Court of Appeals of Alabama. May 7, 1918.)

1. APPEAL AND ERROR ⬤⟿1047(4)—HARMLESS
ERROR—EVIDENCE—ADMISSIBILITY.

In trover, wherein plaintiff claimed title
under a mortgage the court will not be put in
error for permitting proof of the execution of
the mortgage by the mortgagor, before the pa-
per was produced, when the mortgage was im-
mediately thereafter produced,. identified, and
introduced in evidence.

2. TROVER AND CONVERSION ⬤⟿16—ESSEN-
TIALS.

To maintain trover, plaintiff must, at time
of the conversion, have title, general or special,
to the property, and the immediate right of
possession.

3. CHATTEL MORTGAGES ⬤⟿177(1) — RIGHTS
OF SECOND MORTGAGEES—TROVER.

A second mortgagee of chattels has a mere
lien, as against a prior mortgagee, which will
not support an. action of trover against the
prior mortgagee and those holding under him.

4. CHATTEL MORTGAGES ⬤⟿177(1) — LEGAL
TITLE OF MORTGAGOR—TROVER.

As to all the world except the mortgagee,
the mortgagor holds the legal title upon which,
as against a third person,· he can maintain ci-
ther trespass or trover.

5. CHATTEL MORTGAGES ⬤⟿229(1) — RIGHTS
OF MORTGAGEES—PURCHASERS—TROVER.

In a suit by a second mortgagee against a
purchaser, for the conversion of chattels em-
braced in the mortgage, such purchaser, in or-
der to successfully plead a prior mortgage as a
defense, must connect himself with the prior
mortgage.

6. CONTRACTS ⬤⟿94(5)—FRAUD—FAILURE TO
READ.

When the execution of a written instrument
is obtained by misrepresentation of its con-
tents, and a party is induced by such fraud to
sign an instrument he did not know he was
signing and which he did not really intend to
sign, he can avoid the effect of his signature,
because of the fraud practiced upon him, not-
withstanding he may have neglected to read the
instrument or to have it read to him.

7. CONTRACTS ⬤⟿94(8)—"FRAUD"—SUPPRES-
SION OF FACTS.

In order for mere silence to constitute
"fraud" in procuring execution of an instru-
ment, there must be an intentional concealment,
not merely accidental, and a suppression of
facts which good faith requires the party to
disclose.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Fraud.]

8. CONTRACTS ⬤⟿94(5)—"FRAUD"—FAILURE
TO READ.

When one signs a paper at the instance of
another, which the party signing could read
and which he had an opportunity of reading
and was not fraudulently prevented from read-
ing, there is not, in a legal sense, such a fraud
as would vitiate the instrument on the grounds
of misrepresentation of its contents, when he
fails to read it.

9. PRINCIPAL AND AGENT ⬤⟿24 — CREATION
OF AGENCY—QUESTIONS FOR JURY.

In trover ·to recover cotton brought by the
second mortgagee against a purchaser from the
mortgagor, it was for the jury to say whether
the first mortgagee had constituted the mort-
gagor his agent to sell the cotton.

10. TRIAL ⬤⟿253(5) — INSTRUCTIONS IGNOR-
ING ISSUES—CONTRACTS.

In trover by second mortgagee against pur-
chaser from the mortgagor, requested instruc-
tion that if the mortgagor signed the second
mortgage under the honest belief that he was
signing a note, after· having told the second
mortgagee that he would not sign a mortgage,
verdict should be for the defendant was bad,
as omitting any element of fraud in obtaining
the signature.

Appeal from Circuit Court, Marshall Coun-
ty; W. W. Haralson, Judge.

Action by G. H. Campbell & Son against
the Butler Cotton Oil Company, for conver-
sion of cotton. Judgment for plaintiff, and
defendant appeals. Affirmed. ·

The following charges were refused to de-
fendant:

(2) The court charges the jury that if Bruce
directed Frazier to sell the cotton and. cotton
seed, and bring the proceeds back, and they
would settle, then your verdict should be for
defendant.

(3) If the jury believe that at the time the ,
cotton and cotton seed were sold, Bruce held
a mortgage on same, any part of which had
been unpaid, and this mortgage was prior to
plaintiff's mortgage, then your verdict should
be for defendant.

(4) If the witness Frazier signed the mortgage
under the honest belief that he was signing a
note, and not a mortgage, and before signing it
told Campbell he would not sign a mortgage,
then your verdict should be for defendant.

McCord & Orr, of Albertville, for ·appel-
lant. A. E. Hawkins, of Albertville, for ap-
pellee.

SAMFORD, J. [1] The plaintiff claimed
title by virtue of a mortgage which he claim-
ed was given by one Frazier. It was there-
fore competent to prove the execution of the
mortgage by Frazier and the amount due on
the mortgage, and the court will not be put
in error for permitting this proof before the
production of the paper, where the mortgage
is immediately produced, identified, and in-
troduced in evidence.

[2] It is undoubtedly the law in this state
that to maintain trover, the plaintiff must
have, at the time of the conversion, the ti-
tle, general or special, to the property, and
the immediate right of possession. Holman
v. Ketchum, 153 Ala. 360, 45 South. 206;
Johnson v. Wilson, 137 Ala. 468, 34 South.
392, 97 Am. St. Rep. 52; Baker v. Patter-
son, 171 Ala. 88, 55 South. 135; Chapman v.
Metcalf, 165 Ala. 567, 51 South. 745.

[3] It is also a general rule that a second
mortgage of chattels has a mere lien, as
against a prior mortgage, which will not sup-
port an action of trover as against the prior
mortgagee, and those holding under him.
Baker v. Patterson, supra.

[4, 5] But it is also the law that as to all
the world, except the mortgagee, the mort-
gagor holds the legal title to the property,
upon which, as against a third person, he
can maintain either trespass or trover. And
in a suit by a second mortgagee against a
purchaser for the conversion of chattels em-
braced in the mortgage, such purchaser, in

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

order to successfully plead a prior mortgage as a defense, must connect himself with the prior mortgage. Marks v. Robinson & Ledyard, 82 Ala. 69, 2 South. 292; Henderson & Rainer v. Murphree, 124 Ala. 223, 27 South. 405; Denby v. Mellgrew, 58 Ala. 147; Scott v. Ware, 65 Ala. 174. The court in its oral charge clearly stated this rule, and submitted to the jury the question as to whether the defendant had connected itself with the title of the first mortgage, the plaintiff claiming under a second mortgage. Under the evidence, this was a question for the jury, and the court in its various rulings on this point, including the refusal of the affirmative charge as requested by defendant, was not in error. ·

[6] The next question presented is the defendant's contention that the mortgage to plaintiff was obtained by fraud. "When the execution of a written instrument is obtained by misrepresentation of its contents, and a party is induced by such fraud to sign an instrument he did not know he was signing, and which he did not really intend to sign, the party so defrauded can avoid the effect of his signature, because of the fraud practiced upon him, notwithstanding he may have neglected to read the instrument, or to have it read to him." Leonard v. Roebuck, 152 Ala. 312, 44 South. 390; Beck v. Houppert, 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77; Bank of Guntersville v. Webb, 108 Ala. 137, 19 South. 14; Tillis v. Austin, 117 Ala. 262, 22 South. 975.

[7] But in order for mere silence to constitute fraud, there must be an intentional concealment, not merely accidental; there must be a suppression of facts which good faith required the party to disclose. Griel v. Lomax, 89 Ala. 420, 6 South. 741; Van Arsdale & Co. v. Howard, 5 Ala. 596.

[8] And when one signs a paper at the instance of another, which the party signing could read and which he had an opportunity of reading and was not fraudulently prevented from reading, there is not in a legal sense such a fraud as would vitiate the instrument on the grounds of misrepresentation of its contents. Dunham Lbr. Co. v. Holt, 123 Ala. 336, 26 South. 663. The evidence for the defendant in this case tended to prove the obtaining of the signature of the mortgagee by fraudulent misrepresentations, while the plaintiff's evidence was directly to the contrary. This made it a jury question, and the several rulings of the court on this question were without error.

[9] Charge No. 2, requested by defendant, was properly refused. It was for the jury to say whether the first mortgagee had constituted the mortgagor his agent to sell the cotton.

Charge No. 3 was an effort to set up a title superior to plaintiff in a third party without connecting the defendant with it, which under the authorities cited above could not be done.

[10] Charge No. 4 is bad, in that it omits any element of fraud on the part of plaintiff on obtaining his signature to the note.

The several rulings of the court on the admission of evidence were either without error or without injury to the defendant.

There is no error in the record, and the judgment is affirmed.

Affirmed.