(87 South. 817)

### CHAMBLEE v. JOHNSON. (6 Div. 999.)

(Supreme Court of Alabama. Nov. 25, 1920.)

**Appeal and error** ⬤�His1097(1)—Opinion on former appeal law of case on subsequent appeal.

The opinion on a former appeal is the law of the case on a subsequent appeal.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Bill by Robert Chamblee against J. E. Johnson. Decree for respondent, and complainant appeals. Affirmed.

Bill by appellant against appellee for the cancellation of a deed to 50 acres of land in Cullman county, executed by complainant to respondent August 27, 1913, upon the ground of undue influence and fraud, in that the consideration of the deed was a promise by the respondent to support and care for the complainant during the remainder of his life, which respondent has now refused to do; and that such promise was made by the respondent falsely and fraudulently, and without any intention at the time of ever carrying it out, but for the fraudulent purpose of inducing the execution of said deed, and that complainant relied upon said promise and believed the same, and in so relying executed the deed in question.

Numerous witnesses were examined, and upon the submission of the cause for final decree upon pleadings and proof the chancellor found upon the issues of fact against the complainant, and dismissed his bill, from which decree he prosecutes this appeal.

The opinion of the chancellor, ordered to be set out in the report of the case, is as follows:

"In this cause, after considering the testimony, and it appearing therefrom that for nearly four years after the deed was made by the complainant to the respondent the complainant lived with the respondent, and no complaint of the treatment of the complainant by the respondent or any of his family was made until shortly before the filing of the bill in this suit, the court is unable to find that the respondent, at the time of the execution of said deed, made any false or fraudulent representations to the complainant, knowing them to be false at that time and having no intention at that time of carrying them out, but it appears from a review of the whole evidence, clearly, that whatever may be the purpose and intention of the respondent at this time, and whatever may have been his purpose and intention shortly before the complainant left the home of respondent, the court would be entirely without justification in finding any false or fraudulent intent at the time the transaction was entered into, or that any undue influence was exercised over the complainant at the time of the execution of the deed sought to be canceled. It therefore follows that the complainant is not entitled to relief."

F. E. St. John, of Cullman, for appellant.

Under the allegations of the bill and the evidence, the complainant was entitled to the relief sought. 202 Ala. 525, 81 South. 27; 201 Ala. 662, 79 South. 135.

Emil Ahlrichs, of Cullman, for appellee.

Court properly denied relief. See opinion of the Chancellor.

GARDNER, J. The equity of the bill rests upon two theories, undue influence and fraud in procuring the execution of the deed. The law of the case was settled on the former appeal (Johnson v. Chamblee, 202 Ala. 525, 81 South. 27), and this appeal presents only the consideration of the above-stated issues of fact.

Much testimony was taken and the record is rather voluminous. A detailed discussion of the same would serve no good purpose, and it has not been the policy of this court to enter into a discussion of the facts in cases of this character since the act of 1915 (page 594). Pilcher v. Surles, 202 Ala. 643, 81 South. 585; Underwood v. Underwood, 200 Ala. 690, 77 South. 233. Suffice it to say, the evidence has been examined with painstaking care and give mature deliberation in consultation, and we have reached the conclusion that the court below has made a proper disposition of the case.

The opinion of the chancellor, which accompanies the decree, very concisely states the conclusion of the trial court upon the facts, and the same will be set out in the report of the case as expressive of the views here entertained. Being therefore of the opinion that the decree of the court below is correct, it will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.