BOZEMAN v. J. B. COLT CO.   (3 Div. 423.)

(Court of Appeals of Alabama.   Nov. 14, 1923.
Rehearing Denied March 6, 1923.)

1. Sales ⬅355(2)—Evidence showing no sale is admissible under general issue in action for price of goods sold.

Under the general issue, in an action of assumpsit for the purchase price of goods sold, any proof showing that there was no sale is admissible.

2. Sales ⬅355(2)—Facts showing no sale provable under plea of non debitatus.

If an order be given for goods not to be shipped for six months, and the right to rescind the order within that time is reserved, and rescission is in fact made, but the goods shipped notwithstanding it, there is in fact no sale, and the facts may be shown, in an action for the purchase price, under a plea of non debitatus.

3. Sales ⬅23(2)—Where vendor's agent makes binding representation as to the right to countermand, which is exercised, no sale results.

If an agent selling goods makes false representations, binding on the principal, which give the purchaser the right to countermand within a certain time, and the right to countermand is exercised, but the goods shipped in disregard of it, no obligation to pay arises.

4. Contracts ⬅94(3)—Mistaken representations have same legal effect under statute as intentional misrepresentations.

Under Code 1907, § 4298, a mistaken representation is just as much a legal fraud, if the other essentials are proven, as intended misrepresentation.

5. Evidence ⬅397(1)—Parol evidence inadmissible to alter written contract.

Parol evidence is inadmissible to alter, change, or enlarge a written contract.

6. Contracts ⬅245(2)—Previous negotiations merged in written contract.

Previous agreements relating to a contract, when reduced to writing, become merged into the writing.

7. Contracts ⬅94(4)—Contract executed under false representations as to contents not binding.

A contract executed in reliance on false representations as to its contents is not binding on the party deceived if he elects to avoid it, notwithstanding he could read and had an opportunity to read the contract before signing it, if he did not read it and acted upon the representations.

8. Evidence ⬅434(8)—When execution of contract procured by fraud, true contract may be shown.

When the execution of a contract is procured by fraud or misrepresentation, it is competent to show the true contract.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Sales** ☞354(10)—**Pleadings held insuffi-
cient to show fraud in procuring execution
of sales contract.**

In an action for the purchase price of goods
sold, where defendant's answer alleges that
plaintiff's agent represented he might rescind
within six months and a rescission was made
within that time, a replication which alleged
that the goods were sold under a written or-
der, which limited the agent's authority to
make promises inconsistent therewith, and
which provided that it embodied all the terms
of the agreement, and was binding on accept-
ance by the company, and was incapable of
modification or cancellation by any agent, *held*
sufficient, and not subject to a demurrer, in
the absence of any allegation by defendant of
fraud in procuring his signature, or as to the
contents of the writing.

Appeal from Circuit Court, Escambia
County; John D. Leigh, Judge.

Action by J. B. Colt Company against J.
E. Bozeman. From judgment for plaintiff,
defendant appeals. Affirmed.

Defendant's pleas 2, 3, and 4 are as fol-
lows:

"(2) That the account sued on is for the
purchase price of one Colt generator, model N,
and fixtures for said generator; that the plain-
tiff, by and through its agent who made the
sale, falsely represented to the defendant that
he might rescind or countermand the order for
said goods at any time within six months from
the date of said order, to wit, August 7, 1917;
that acting upon said representation the de-
fendant did, within the said six months, rescind
or countermand said order, by giving written
notice, by letter mailed to the plaintiff, that
he desired to rescind or countermand said
order, and the defendant refused to receive
or accept the goods shipped under said order;
that the said false representation of the plain-
tiff was made willfully to deceive the defend-
ant, and that it was of a material fact.

"(3) That the account sued on is for the
purchase price of one Colt generator, model N,
and fixtures for said generator; that the plain-
tiff, by and through its agent who made the
sale, mistakenly represented to the defendant
that he might rescind or countermand the or-
der for said goods at any time within six
months from the date of the order, to wit, Au-
gust 7, 1917; that acting upon said represen-
tation the defendant did, on, to wit, October
15, 1917, rescind or countermand said order, by
notifying the plaintiff of his desire to do so,
and the defendant refused to receive or accept
the goods shipped under said order; and that
the said representation of the plaintiff was
made by mistake and innocently, and that it
was of a material fact.

"(4) That the account sued on is for the
purchase price of one Colt generator, model N,
and fixtures for said generator; that the plain-
tiff, by and through its agent who made the sale,
falsely represented to the defendant that the
contract of sale provided that the goods would
not be shipped within six months from the date
of the order, to wit, August 7, 1917, and that
at any time within said six months the de-
fendant might rescind or countermand said or-

der; that the defendant acted on said repre-
sentation, and did, within six months from
August 7, 1917, rescind or countermand said
order, by giving notice to the plaintiff of his
intention to do so, and the defendant refused
to receive or accept the goods shipped under
said order; and that the said representation
of the plaintiff was made willfully, to deceive
the defendant, and that it was of a material
fact."

Plaintiff's replication to plea 3 is as fol-
lows:

"For special replication to plea 3 by the de-
fendant pleaded, the plaintiff says: That the
cause of action is based upon the sale by plain-
tiff to defendant of one Colt generator and cer-
tain fixtures ordered by defendant from plain-
tiff under a written contract hereto attached
and marked 'Exhibit A'; that by the terms of
said contract it was provided that said instru-
ment, upon plaintiff's acceptance of said or-
der, carried all agreements between the de-
fendant and the plaintiff, and that said con-
tract could not be canceled or revoked by either
party, except by agreement in writing between
the plaintiff and the defendant; and plaintiff
avers that said order was accepted on the 13th
day of August, 1918, and prior to any alleged
countermand of said order by the defendant,
and that since said date there has been no
agreement between the parties allowing de-
fendant to cancel said order."

To this replication defendant interposed
the following grounds of demurrer:

"(1) Said replication is no answer to said
plea.

"(2) The existence of the alleged written
contract is not an answer to the matters set
up in said plea relating to mistaken represen-
tation.

"(3) The fact that the contract was in writing
would not relieve the plaintiff of the conse-
quences of his alleged mistaken representation.

"(4) The fact that the contract was in writing
and contained the statement that said instru-
ment embraced the entire agreement between
the parties would not preclude the defendant
from setting up the mistaken representation as
alleged in plea 3."

Leon G. Brooks, of Brewton, for appellant.

When the execution of a written instru-
ment is obtained by a misrepresentation of
its contents, and a party is induced by such
fraud to sign an instrument he did not know
he was signing, and which he did not really
intend to sign, the party so defrauded can
avoid the effect of his signature because of
the fraud practiced upon him, notwithstand-
ing he may have neglected to read the in-
strument or to have it read to him. 13 C.
J. 371; 196 Ala. 285, 71 South. 684; 201 Ala.
548, 78 South. 902; 202 Ala. 7, 79 South.
305; 202 Ala. 367, 80 South. 449; 16 Ala.
App. 445, 78 South. 643; 200 Ala. 615, 76
South. 973; 140 Ala. 602, 37 South. 509;
Code 1907, § 4297. As fraud vitiates every-
thing into which it enters, the existence of

a written contract does not save a party, who is guilty of fraud in obtaining the execution of said contract, from the operation of the rule. '35 Cyc. 67; 143 N. Y. 424, 38 N. E. 458; 176 Ala. 242, 57 South. 757; 3 Stew. & Port. 332.

Hamilton, Page & Caffey, of Evergreen, for appellee.

In assumpsit, error cannot be predicated on the action of the court in sustaining demurrers to pleas setting up facts which would show that there had never been an indebtedness, for such facts can be given in evidence under the general issue. '198 Ala. 275, 73 South. 498; 9 Ala. App. 383, 63 South. 788; 3 Ala. App. 519, 57 South. 118. Where a purchaser gives a seller's agent a written order for goods, which order recites that there is no verbal agreement aside from the order, and that upon acceptance it becomes a contract that cannot be canceled or revoked by either party, except by agreement in writing, the purchaser is bound by the terms of the order, unless prevented from reading it by the fraud of the seller's agent. 145 Ala. 331, 40 South. 393; 167 Ala. 372, 52 South. 433; 196 Ala. 385, 72 South. 8.

MERRITT, J. The action is one of assumpsit for goods sold and delivered by the plaintiff to the defendant.

[1] Under the general issue any proof therefore, showing that there was no sale of the goods by the plaintiff to the defendant is admissible. Shepherd v. Butcher Tool & Hdw. Co., 198 Ala. 275, 73 South. 498; La. Lumber Co. v. Farrior, 9 Ala. App. 383, 63 South. 788; Shannon & Co. v. McElroy, 3 Ala. App. 519, 57 South. 118.

[2, 3] If the defendant gave the plaintiff an order for goods to be shipped not less than six months after the order was given, and with a reservation of the right to cancel said order during this time, and did in fact cancel the same within the period, then a shipment of the goods by the plaintiff to the defendant would not amount to a sale, and the defendant could show such facts under a plea of non debitatus. Likewise, if the vendor's agent made such false representations as to the defendant's right to countermand the order within six months as would be binding upon the principal, and the defendant did in fact give a countermand within six months, there would be no obligation on the part of the defendant to pay for goods shipped in disregard of the withdrawal of the offer. Such facts would show that there was never an offer and acceptance, but at most only a conditional offer which was withdrawn.

The demurrers to pleas 2 and 4 were properly sustained.

[4] Plea 3 sets out the same facts as pleas 2 and 4, but alleges that the plaintiff through his agent mistakenly represented to the defendant that he might have six months within which to countermand the order for the goods. Under the statute, section 4298 of the Code, a mistaken representation is just as much a legal fraud, if the other essentials are proven, as intended misrepresentation. So that under plea 3, to which demurrers were overruled, the defendant could have made practically the same defense as was denied him under pleas 2 and 4, and the real question in the case is the action of the court in overruling defendant's demurrers to plaintiff's replication to this plea.

The replication alleges that the goods were shipped under a written order signed by the defendant, which was sufficient to put the defendant on notice that the agent had no authority to make promises inconsistent with the written order, for the order expressly stated that it became a binding contract upon acceptance by the plaintiff company; that it embodied all the terms of the agreement, and that it was not subject to modification or cancellation by any agent of the plaintiff company, but only by a written agreement between the purchaser and the plaintiff company, acting through one of its officers, and alleges that there was no agreement among the parties allowing the defendant to cancel the order. In the case of Fulton v. Sword Medicine Co., 145 Ala. 331, 40 South. 393, the Supreme Court, where the facts were very much like those alleged here, says:

"The order signed by defendant, when accepted by the plaintiff, constituted a contract, which the parties had reduced to writing, and the defendant could not contradict the same by parol testimony. While it is true that, where goods are sold by an agent, the general rule is that, if the principal 'seeks to avail himself of the benefits of the contract made by the agent, he is bound by the representations made by the agent' [citations], yet this does not contravene other recognized principles of law. The doctrine of apparent authority can be invoked only by one who has been misled to his detriment by the apparent authority of the agent' [citations]. And when a traveling salesman sells goods to a customer and the customer signs a written order to the principal, stating distinctly, as in this case, that 'none of the goods shall be returned for credit,' and that 'there is no verbal agreement aside from this order' it shows notice to him that the agent has no authority to make any verbal agreements varying the terms of the written contract, and, if he agrees with the agent that the agent is to inform the principal that he is not to ship the goods unless he agrees to contradictory terms, the principal is not bound thereby, unless the agent informs him before the goods are shipped. The defendant signed the contract and must be presumed to have known its contents."

This case is affirmed in the later cases of Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433, and Capital Security Co. v. Owen, 196 Ala. 385, 72 South. 8.

[5-8] There are three well-settled propositions of law that would not hurt of restatement here, the first being, that parol evidence is not admissible to alter, change, or enlarge a written contract, and that previous agreements relating to the contract, when reduced to writing, become merged into the writing; second, that when a contract is executed in reliance upon false representation as to its contents, it is not binding upon the party deceived, if he elects to avoid it, and it matters not that he could read, and had an opportunity to read the contract before signing it, if he did not read it, .and acted upon the representations of the other (Adams Hdw. Co. v. Wimbish, 201 Ala. 548, 78 South. 902; Commercial Co. v. Cooper Bros., 196 Ala. 285, 71 South. 684); and, third, that when the execution of the contract is procured by fraud or misrepresentation, it is competent to show the true contract (Adams Hdw. Co. Case, supra; Coopers' Case, supra; Tillis v. Austin, 117 Ala. 262, 22 South. 975; Dunham Lumber Co. v. Holt, 123 Ala. 336, 26 South. 663).

[9] Defendant's plea 3 does not charge any fraud in the procuring of the defendant's signature to the order—no representation as to what the order contained is alleged, but merely charges that the agent mistakenly represented, in this respect, the legal equivalent of intentionally represented—to the defendant that defendant might rescind or countermand the order at any time within six months from the date of the order. If the defendant had been led to believe that he was signing an order, which contained a provision that he had the right to countermand the order any time within six months before shipment, and later found out no such provision was in the contract, or that directly the opposite was in effect in the order, then the execution of the instrument was induced by fraud and he would not be bound by it. Such being the case its contents were misrepresented, and, being induced to sign an instrument he did not know he was signing, and which he did not really intend to sign, he may avoid the obligation incurred on account of such false representation. Butler County Oil Co. v. Campbell & Son, 16 Ala. App. 445, 78 South. 643.

The demurrers to the replication were properly overruled.

The judgment of the circuit court is affirmed.

Affirmed.