(103 So. 918)

Curtis Lee ALLRED v. STATE. (5 Div. 910.) (Supreme Court of Alabama. April 16, 1925.) Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

PER CURIAM. Appeal dismissed by appellant.

---

(102 So. 917)

AMERICAN CENTRAL LIFE INS. CO. v. FIRST NATIONAL BANK OF ENTERPRISE. (4 Div. 12.) (Supreme Court of Alabama. Dec. 4, 1924.) Appeal from Circuit Court, Dale County; J. S. Williams, Judge. Riley & Stokes, of Ozark, and Steiner, Crum & Weil, of Montgomery, for appellant. Sollie & Sollie, of Ozark, for appellee.

PER CURIAM. Motion to dismiss appeal overruled; motion to affirm sustained.

---

(101 So. 920)

ASKIN & MARINE CO. v. Lena TILLMAN. (1 Div. 328.) (Supreme Court of Alabama, Nov. 11, 1924.) Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

PER CURIAM. Appeal dismissed by appellant.

---

(101 So. 920)

W. E. BARROW v. George HUGULEY et al. (5 Div. 881.) (Supreme Court of Alabama. Oct. 16, 1924.) Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge. Bill in equity for specific performance by George Huguley and Lula Huguley against W. E. Barrow. From a decree for complainants, respondent appeals. Affirmed.

Olen W. Mitchell, of West Point, Ga., and L. L. Meadors, of La Grange, Ga., for appellant.

The instrument being not ambiguous, parol evidence is not admissible to vary it. 22 C. J. 1098. No presumption is to be indulged in favor of the finding of the chancellor. Code 1907, § 5955; Shows v. Folmar, 133 Ala. 599, 32 So. 495.

Morrow & Moore, of West Point, Ga., for appellees.

Where the evidence is partly oral and partly by deposition, the finding thereon by the trial court will not be disturbed, unless palpably wrong. Code, § 5955, is without application to this case. Wilkerson v. Sorsby, 208 Ala. 345, 94 So. 481; Gray v. Handy, 204 Ala. 559, 86 So. 548; Woodrow v. Hawving, 105 Ala. 240, 16 So. 720.

GARDNER, J. Bill by appellees against appellant for specific performance, and from a decree granting relief sought, respondent has prosecuted this appeal. Complainants, ignorant negroes, unable to read or write, purchased from the respondent, a white man, a certain house and lot, or rather lots, in the town of Chattahoochee City, Chambers county, Ala., the payments to be made in monthly installments of $7.50 per month. The contract of purchase was in writing, executed in duplicate, and duly witnessed. As these contracts appear on their face, the sum agreed upon was $975, with the legal rate of interest until fully paid, but complainants insist the amount to be paid was $350, and that the contracts have either been changed after execution or fraudulently represented to them by respondent at the time of execution as being in the sum of only $350. Adams Hdw. Co. v. Wimbish, 201 Ala. 548, 78 So. 902. This question presented a sharply disputed issue of fact, and the original contracts offered in evidence have been certified to this court for inspection, which it is insisted show upon their face evidence of change as to the consideration. A discussion of the evidence would serve no useful purpose, and it has not been the policy of this court to enter into a discussion of the facts in cases of this character since the passage of Acts 1915, p. 594. Chamblee v. Johnson, 205 Ala. 66, 87 So. 817; Underwood v. Underwood, 200 Ala. 690, 77 So. 233. Suffice it to say the evidence has been examined with painstaking care and given mature deliberation in consultation. The solution of the disputed questions of fact is not free from difficulty. The evidence was taken partly by deposition and partly by oral examination of witnesses before the court, and among the witnesses so orally examined were the complainants in this cause. Under these circumstances, the rule is well established that the finding of the court below will not be disturbed unless it is plainly erroneous. Bell v. Blackshear, 206 Ala. 673, 91 So. 576; Wilkerson v. Sorsby, 208 Ala. 345, 94 So. 481. A careful study of this record has not persuaded us the decree of the court below should be here disturbed. The case presents no other question calling for consideration, save this disputed issue of fact, and the conclusion reached thereon results in an affirmance of the decree rendered. Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

(102 So. 917)

Elizabeth BATTILIA et al. v. Jessie I. BATTILIA. (6 Div. 316.) (Supreme Court of Alabama. Dec. 18, 1924.) Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

PER CURIAM. Appeal dismissed by agreement.