[Stevens *et al.* v. Alabama State Land Co.]

# Stevens *et al. v.* Alabama State Land Co.

*Bill to Enforce Vendor's Lien and Mortgage for Purchase Money.*

1. *Fraudulent representations, when constructive fraud only; what are.*—Where a bill is filed to enforce a vendor's lien and mortgage on land for purchase money, and the defendant files a cross-bill averring false and fraudulent representations of existing facts by the agent of the vendor, which induced the purchase, but fails to aver knowledge of the falsity of these alleged facts and intent to deceive on the part of the declarant, the case is one of constructive fraud only, and will justify relief if sustained by the proof; but if the proof shows not a representation of a fact as charged, but expressions of opinion only, relief will be denied under the cross bill and the cross bill will be dismissed—the allegations and the proof do not at all correspond.

APPEAL from the Chancery Court of Blount.

Heard before the HON. THOMAS COBBS.

Bill by the Alabama State Land Co. against Margaret A. Stevens and her husband, John L. Stevens, to enforce vendor's lien and mortgage to secure purchase money of lands bought by Margaret A. Stevens from the Company. Cross bill alleging false and fraudulent representations made by the agent of the company to John L. Stevens while acting as agent for his wife, and which induced the purchase, but failing to aver knowledge and intent to deceive on the part of the company's agent.

INZER & WARD, for appellants, contended, that under the rule of law a principal is bound by the representations of the agent.—*Land v. Black*, 21 W. Va. 617; *Teague v. Maddox*, 128 U. S. Reports, p. 150; *Cranford v. Barkley*, 18 Ala. 270; *Mayer v. Dean*, 5 L. R. A. 540.

J. A. W. SMITH, *contra*, cited *Fulghan v. Morris*, 75 Ala. 247.

[Stevens *et al* v. Alabama State Land Co.]

PER CURIAM.—Bill by appellee against appellants to enforce vendor's lien and mortgage on lands for purchase money. Defense, false representations inducing the purchase; cross-bill for rescission.

The bill was filed eighteen months after the purchase, and prior to maturity of some of the notes, and some four months after it was filed the respondents filed their answer admitting the facts and that complainant was entitled to a decree for the matured note, but insisted that it had no right to enforce a lien for the notes not due when the bill was filed. Two months afterwards they filed a further answer, making it a cross-bill for rescission, setting up said defense of false representations. The answer states that respondent, John L. Stevens, negotiated the purchase for his co-respondent —his wife—with one Crandall acting as agent for vendor.

The cross-bill states the alleged false representations and respondents' reliance on same etc. in the following language: "That the purchase of said lands was made by the said John L. Stevens, late one evening when it was raining, and the said John L. Stevens was not on or near the lands in Section 15, and the said E. A. Crandall, represented to him, that all of the lands in Section 15, purchased by respondent, amounting to about 600 acres, was well timbered, with timber suitable for saw logs, such as was the best part of the lands purchased in section No. 21.

"And respondent relying on said statement purchased said lands, when in truth and in fact, there is not more than 10 acres of saw timber, or timber suitable to make lumber, on said 600 acres of land.

"Respondents further allege that relying on the statement of the said A. E. Crandall, as to the statements made to him as to the value of the lands in section 15, and believing said statements to be true, they never made any investigation as to said 600 acres of land in said section 15, until since the filing of the first answer in this cause, and it only came to their knowledge within the last few days, of the true condition of said 600 acres of land.

"Respondent further avers, that said 600 acres of land in section 15, is almost entirely worthless,

"Respondents further allege, that they were misled, and induced to purchase said lands, by the false and fraudulent misrepresentations of the said E. A. Crandall, agent of complainant, in his statements as to the timber on the lands in section 15, and as to where the same was situated, and this was not known to respondents until within the last few days. And at the time of making said purchase respondents had no opportunity of examining said lands being at a distance from where the same was situated, and was forced to rely on the statements of said agent through whom respondents purchased, as before stated.

"Respondents further allege, said 600 acres of land in section 15, constitute a material part of the lands purchased by respondents from complainant as shown by the conveyance referred to, in the original bill, and the same not being as represented by said agent, affect very materially the value of all of said lands, as the principal part of the value of the said lands, is the timber situated on the same."

It will be observed from the foregoing that the case made by the answer and cross-bill is one of false representations of matters of fact, inducing the purchase, and not the statement of opinion touching the subject of the contract, known by the declarant to be false and made with the dishonest intent to mislead and deceive the other contracting party and having that effect. Representations of the first class—the class stated in the answer—are in legal contemplation fraudulent, when drawn in question in proceedings of this character, without regard to the honesty or dishonesty of the declarant in making them. He may really and honestly believe that the fact is as he represents it, yet if it be in fact untrue and the other party be misled by it to his injury, it is, by construction of law, a fraud against which relief may be had. It is not actual fraud—fraud dishonestly perpetrated—but constructive fraud only. If the answer sets up representations of existing facts simply denominating them false and fraudulent, alleging no actual knowledge of the falsity and actual intent to defraud on the part of the declarant, as in the present case, the case made will be treated as one of construc-

tive fraud only, not sufficient to authorize relief if the proof shows expressions of opinion merely, howsoever dishonest those opinions may appear to have been. The statement that the representation was false and fraudulent may well consist with honesty of purpose, and taking the bill most strongly against the pleader, as well as applying the principle that the law presumes honesty in the conduct of the citizen until the contrary is alleged, and so it will be regarded. In order to relief there must be a correspondence of proof to allegation.

The evidence of Stevens as to the representations made to him, as copied from the brief of appellant's counsel (which the record verifies) is as follows: "Stevens states further in his testimony, on page 41 of transcript, that he and Crandall were going back home through section 21, 'there was considerable rain on us all day. As we went back through section 21, he (referring to Crandall), asked how about taking other land. I told him I would not have time to look at them, that I would have to go home; then he said he would insist on me taking section 15, as they considered it one of the finest sections they had on the mountain. We were then on the raise of section 21 and I asked him how it would compare with this; and he said "if there is any difference it is better than this." I told him if it was, it was good enough then, but still I did not like to take it without seeing it. He said that I could trust his word; that he was well acquainted with the land, and I would be well satisfied with it. I told him I was buying the land for saw timber, but wanted land that would be worth something after the timber was taken off; and was buying with a view to both. It was about three or four o'clock in the evening. I left then, and went to Maj. Crandall's, but had seen no part of section 15.'" And the brief goes on to argue, from the whole premises, that these statements were knowingly false and made for the purpose of inducing Stevens to buy the land.

It is too apparent for argument that this testimony shows nothing but expressions of opinion by Crandall, not within the allegations of the bill. The allegations and proof do not at all correspond. Crandall's honesty

of purpose was not in issue, nor were any expressions of his opinions concerning the land in issue. The issue made was that he positively represented a thing to be an existing fact, not that he dishonestly pretended to believe that such was a fact.

The evidence is in sharp conflict as to the truth of even this testimony of Stevens, but taking it to be true the chancellor decided the case correctly.

Affirmed.

NOTE: The foregoing opinion was prepared by Hon. J. B. Head while a justice of this court and has since been adopted by the court.