# Fulton *v.* Sword Medicine Co.

## *Assumpsit.*

[DECIDED FEB. 17, 1906, 40 So. REP. 393.]

1. *Principal and Agent; Liability of Third Person; Limitation of Authority; Notice.*—If one signs a written order for goods, which order recites that there is no verbal agreement aside

[Fulton v. Sword Medicine Co.]

from the order, and that none of the medicine shall be re-
turned for credit, such asignee has notice of the want of au-
thority of the agent taking the order to make a verbal agree-
ment concerning the subjects of the order, and any agreement
by the salesman, outside the terms of the writing, is not bind-
ing on his principal.

2. *Account; Action on; Pleadings; Complaint; Verification.*—Where
the original complaint states that the account sued on is duly
verified by affidavit, such statement need not be repeated in
the amendment to the complaint.

3. *Same; Evidence; Written Instrument; Admissibility.*—Where a
suit is on a written instrument, and there is no plea of non
est factum, the written instrument is properly admitted with-
out proof of execution.

4. *Witnesses; Cross Examination; Latitude.*—A witness having
stated that he did not know that plaintiff had refused to ac-
cept a certain sum, it is proper to permit, on cross examina-
tion, the question, "you have been informed that the plain-
tiff company refused to accept such sum, havent' you?"

APPEAL from Bessemer City Court.
Heard before Hon. WILLIAM JACKSON.

This action is upon a written order for goods, wares
and merchandise sold by appellee to appellant. The con-
ditions and contents of the order are sufficiently set out
in the opinion. The defendant interposed several pleas,
besides payment and the general issue, setting up in
substance that the order was procured and the goods
shipped by fraud, in that the salesman agreed and con-
tracted with defendant at the time he signed the written
order that the plaintiffs would guarantee the sale of the
goods, and that the order blank would not be sent in,
except accompanied by a letter to the plaintiffs not to
ship the goods unless they would agree to guarantee to
defendant a sale of the goods so purchased. Demurrers
were interposed raising the question of the authority of
the salesman, and other similar questions, which demur-
rers were sustained, and trial had upon the general is-
sue and payment. There was judgment for plaintiff and
defendant appeals.

BENJ. G. PERRY, for appellant.—The court erred in
sustaining demurrers to defendants pleas.—*Syndicate*

[Fulton v. Sword Medicine Co.]

*Insurance Co. v. Cutchings,* 16 South. 46; *Patterson v. Neal,* 135 Ala. 482; Watson v. Kirby, 23 South. 61; *Hodges v. Sublett,* 8 South. 80; *Bissinger v. Prince,* 23 South. 68; *Ainsworth v. Prewitt,* 14 South. 666.

It was not necessary for the plea to show what advertising was to be done by the appellee. The facts need not be minutely alleged.—*Burford v. Steel,* 85 Ala. 147; *Pickett v. Pipkin,* 64 Ala. 520.

The justifying excuse alleged is the representations made by an agent as to the contents of the instrument, and the last ground of demurrer was not well taken.— *Pacific Guano Co. v. Burroughs,* 81 Ala. 255; *Bank of Guntersville v. Webb & Butler,* 108 Ala. 137.

J. A. ESTES, for appellee.—One dealing with an agent deals with him at his peril in so far as the agent's authority is concerned.—1 A. & E. Ency. Lad (2d Ed.) 987, and authorities cited; *Herring v. Skaggs,* 73 Ala. 446; *McCrary v. Slaughter,* 85 Ala. 230. The contract of purchase as set out in the complaint cannot be contradicted as is sought by plea 3.—3 Mayfield's Dig., 565-66. The agent was the agent of defendant in writing the letter, and he must suffer for it.—*Turner v. Flinn,* 72 Ala. 532; *Allen v. Bethune,* 66 Ala. 19; 82 Ala. 321. The contract was a complete memorandum of the transaction.—*Manasses v. Henry,* 96 Ala. 459.

SIMPSON, J.—This was a suit based upon a written order, signed by the defendant and addressed to the plaintiff, by which the defendant ordered certain goods, agreeing therein to pay certain specified prices, and in said order it was stated, among other things, "that none of the medicine shall be returned for credit," and closes with these words: "I, or either of us, accept this order on terms stated above. There is no verbal agreement aside from this order, of which I have a duplicate." By various pleas, to which there were demurrers, the defendant sets up, in defense to the action, that the plaintiff's "agent, salesman, or drummer," as an inducement to him to buy the goods, told him that, "if he would handle the goods, the plaintiff would guarantee the sale of the

goods," and represented to him that, if he would sign the order blank for these goods, he would write plaintiff a letter, to accompany the order, stating to plaintiff not to ship defendant these goods, as embraced in the order, unless they would guarantee the sale of the same to defendant. In one of the pleas the defendant alleges that when he signed the order he thought it was merely an agrement about some advertising that was to be done.

The order signed by defendant, when accepted by the plaintiff, constituted a contract, which the parties had reduced to writing, and the defendant could not contradict the same by parol testimony. While it is true that, where goods are sold by an agent, the general rule is that, if the principal "seeks to avail himself of the benefits of the contract made by his agent, he is bound by the representations made by the agent."—*Gilliland v. Dunn,* VCF *Ala.* 327, 34 South. 25; *Williamson v. Tyson,* 105 Ala. 644, 17 South. 336, yet this does not contravene other recognized principles of law. "The doctrine of apparent authority can be invoked only by one who has been misled to his detriment by the apparent authority of the agent."—*Patterson v. Neal,* 135 Ala. 482, 33 South. 39. And when a traveling salesman sells goods to a customer and the customer signs a written order to the principal, stating distinctly, as in this case, that "none of the goods shall be returned for credit," and that "there is no verbal agreement aside from this order," it shows notice to him that the agent has no authority to make any verbal agreements varying the terms of the written contract; and, if he agrees with the agent that the agent is to inform the principal that he is not to ship the goods unless he agrees to contradictory terms, the principal is not bound thereby, unless the agent informs. him before the goods are shipped. The defendant signed the contract and must be presumed to have known its contents.

The statement in the complaint as originally filed that the account was verified was sufficient, without repeating it again when the complaint was amended in the circuit court.

The written instrument was "the instrument sued on," and properly admitted without further proof, there being no sworn plea of *non est factum.*

Under the latitude allowed in cross-examination, and as the witness was the defendant and had testified that he did not know that the plaintiff company refused to accept the $7.50, it was not error to allow the plaintiff to test him further by asking, "You have been informed that the Sword Medicine Company refused to accept the $7.50, haven't you?"

The bill of exceptions does not show that it contains all of the evidence, and we cannot say that the court erred in rendering the judgment.

The judgment of the court is affirmed.

HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur.