[Moline Jewelry Company v. Crew.]

# Moline Jewelry Company *v.* Crew.

## *Assumpsit.*

(Decided Feb. 9, 1911.   Rehearing denied April 27, 1911.
55 ·South.   144.)

1. *Contracts; Validity; Frauds.*—A contract executed by one in reliance upon false representations as to its contents is void in toto at the election of such a one, although he neglected to read it, and although it recites that he had read it.

2. *Same; Jury Question.*—Although the great weight of the evidence tends to refute the pleas ,yet where there is conflict, a sufficiency of the evidence to establish a plea of fraud in the procurement of a contract is a question for the jury.

3. *Sales; Remedy of Seller; Evidence.*—To entitle one sued on a contract for the purchase of goods to a verdict on a plea averring rescission for fraud, and also an implied rescission by a reclamation of the goods, he must prove the substance of the pleas in both aspects.

4. *Same; Instruction.*—Where the action was for the price of the goods sold, and the buyer set up that he had rescinded the sale for fraudulent representation, and that when the goods arrived he refused to accept them from the carrier, and that they were afterwards returned by the carrier at the seller's directions, the plea averred not only a rescission by right, but an offer to rescind, and an acceptance by the seller, and although there was no evidence to support the latter branch of the plea, a charge directing a finding for the plaintiff on the issues raised by the plea was misleading, as there was evidence of the fraud relied on.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Assumpsit by the Moline Jewelry Company against B. F. Crew.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Charge 1 was the general affirmative charge.   Charge 2 was as follows: "I charge you that, if you believe the · evidence, you will find the issues raised by defendant's plea in favor of the plaintiff and against the defendant, B. F. Crew."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. A plea setting up fraud must contain facts constituting fraud at law.—*Baker v. Hutchinson*, 147 Ala. 636; *McDonald v. Pearson*, 114 Ala. 630; *Reynolds v. Montevallo C. Co.* 100 Ala. 296. One undertaking to rescind a contract for fraud must tender to the other party everything received thereunder.—*Ansley v. The Bank*, 113 Ala. 467; *Sample v. Guyer*, 120 Ala. 11. Even the duplicate copy of the contract must be tendered.—*Henderson v. Baggett*, 126 Ala. 172; 3 Am. Dec. 230; 43 Am. Dec. 614. The terms of a written contract cannot be varied by parol evidence, and when the contract is produced, parol testimony is not competent to show its contents.—*Drennen v. Satterfield*, 119 Ala. 84; *Watson v. Kirby*, 112 Ala. 436; *Crescent B. Co. v. Hanley*, 90 Ala. 486; *Greil v. Lomax*, 86 Ala. 132. Counsel discuss the jurisdiction of the special judge to hold office because of the fact that he is a state senator.

LACKEY & BRIDGES, for appellee. No brief came to the Reporter.

SAYRE, J.—The first three counts in appellants' complaint in the court below were in common assumpsit. The fourth proceeded for the breach of a special contract by which the defendant assumed to purchase certain goods of the plaintiffs. Under the contract, the goods were to be delivered on board the cars at the place of shipment.

In addition to the general issue, defendant filed special pleas 2 and 3, in which it is averred that the contract sued upon, and set forth at length in the fourth count, was procured by fraud, in this: To state the facts briefly, that one Bouldin, who was plaintiff's agent in procuring the defendant to enter into the contract, pre-

sented to defendant for his signature the paper writing copied in the complaint, but that defendant refused to sign the same unless and until it was modified by the inclusion of a stipulation that defendant might purchase under it goods to the amount of $50 or $60 at one time and no more, such purchase to include Rogers knives and Seth Thomas clocks (which the contract alleged, and in evidence, does not include) to be shipped as defendant should order them shipped, that Bouldin thereafter falsely represented to defendant that the paper writing had been modified so as to meet defendant's requirement, and that defendant thereupon signed the alleged contract relying upon Bouldin's representation, and in ignorance of the fact that it had not been changed as he desired and intended it should be. These pleas aver an offer to rescind immediately upon discovery of the fraud alleged, and deny the receipt of any goods under the alleged contract, and down to and including this averment are identical in language. Plea 3 adds that some three weeks after defendant's letter of rescission the goods arrived by express at Goodwater, where defendant did business, but that defendant refused to accept the same, "and that said goods were afterwards by the express company, and plaintiff's instance and direction, returned to plaintiffs." These special pleas were no doubt faulty in some respects, but, as for any objection taken to them by the demurrers, they were sufficient answers to the fourth count of the complaint. If, in fact, the alleged contract was executed under the circumstances set up in the pleas, the defendant was no more bound by its recital that he had read it, and that it was complete and satisfactory, than he was by any other part of the text. It was void in toto at defendant's election. Nor does the fact that defendant may have been able to read the contract, and had an oppor-

tunity, but neglected to do so, estop him to deny any deceit as to the contents practiced in the procurement of its execution.—*Leonard v. Roebuck,* 152 Ala. 312, 44 South. 390, and authorities there cited. "Positive representation of a fact cannot be counteracted by the implication that the party might have ascertained to the contrary. Under such circumstances, he need not institute an independent investigation." "A party asserting facts cannot complain that the other took him at his word."— *Shahan v. Brown,* 167 Ala. 534, 52 South. 737. Other grounds of demurrer are sufficiently answered by the language of the pleas. They aver a rescission immediately upon discovery of the fraud alleged, and deny the receipt of any goods by the defendant.

Whether plea 2 had been established by the evidence was a question for the jury. A concession that the great weight of the evidence went to refute that plea would not be a sufficient reason for withdrawing the question from the jury whose office it is to decide all controverted questions of fact. Much of the defendant's testimony, to say nothing of the evidence offered by plaintiffs tended strongly to refute the plea, but, when he was recalled, he testified that Bouldin had told him that the stipulation alleged in the plea was in the contract. This testimony made an issue for the jury and the general charge requested by plaintiffs was refused without error.

But, as has been noted, plea 3 went further. It not only averred rescission in a way, but set up facts from which it was to be inferred that plaintiffs had recognized and acquiesced in defendant's asserted right of rescission by reclaiming the goods. This was a material element of the plea, for clearly plaintiffs could not at once and consistently claim the goods as their own and hold the defendant for the agreed price, and this is true

whether defendant had any just ground of rescission or not. If the defendant had the right to rescind at the time of his alleged offer to do so, then the offer, if made, had the same effect as a mutual agreement to rescind, if defendant chose so to consider it.—*Samples v. Guyer,* 120 Ala. 611. 24 Suth. 942; *Hayes v. Woodham,* 145 Ala. 597, 40 South. 511; *Comer v. Franklin,* 169 Ala. 573, 53 South. 797. For the plaintiffs to reclaim the goods was for them to accept the proffered rescission without regard to the existence vel non of the grounds upon which the right to rescind was rested. In other words, the plea set up not only an offer to rescind on good grounds, but an implied agreement by the plaintiffs to rescind binding upon them whether defendant had just cause for rescission or not—a compound plea. To entitle the defendant to a verdict on the plea it devolved upon him to prove the substance of both aspects of the plea—*Southern Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35.

We find in the record no evidence tending to support the allegations of the third plea in respect to the reclaiming of the goods by the plaintiffs. On the contrary, all the evidence goes to show that the plaintiffs consistently and persistently refused to treat the contract as rescinded, and refused to receive the goods back from the transportation company. Nevertheless, charge 2 was properly refused. Plea 3, as we have shown, presented two distinct issues. The charge so deals with it. The issue relating to fraud in the procurement of the contract was the same as that made by plea 2. As to that the evidence was in conflict. Plaintiffs were not therefore entitled to the general charge on the issues raised by Plea 3. The charge was misleading in form.—*Kress v. Lawrence,* 158, Ala. 652, 47 South. 574, and authorities there cited.

We think it is rather obvious that there is no merit in the exceptions reserved on questions of evidence.

The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.