# Commercial Finance Co. *v.* Cooper Bros.

### Assumpsit.

(Decided April 13, 1916. 71 South. 684.)

1. **Evidence; Contract of Sale; Fraud.**—Where the action was for goods sold under a contract, and the testimony showed that the contract as signed by the buyer was not the one made by him, but was signed upon the misrepresentation of the agent of the seller, testimony of the buyer as to what articles he contracted to purchase was relevant in connection with the other evidence going to show that the contract signed did not speak the truth; so also was the testimony of the witness who was present at the trade admissible as corroborative of that of the buyer.

2. **Contracts; Rescission; Fraud.**—A contract executed by one in reliance upon false representation as to its contents is not binding upon the party deceived, if he elects to avoid it, notwithstanding he could read. and had an opportunity to read before signing it, since the party asserting facts cannot complain that the other took him at his word.

APPEAL from Talladega City Court.

Heard before Hon. MARION H. SIMS.

Assumpsit by the Commercial Finance Company against Cooper Bros., a partnership. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The action was for goods, wares, and merchandise sold under a contract in writing for the sale of certain chinaware. The defendants set up the failure of consideration, in that plaintiff's agent represented the assortment to contain certain articles which are set out in the plea, but that plaintiff did not and has not complied with the contract, but has shipped defendants other and wholly different articles of property from that purchased, and that defendants had refused said crockery, and notified plaintiff that same was held subject to its order. Other pleas set up the same statement of facts with the additional allegation that the crockery had been returned. Others set up false and fraudulent representation by plaintiff's agent Brown inducing the signing of the contract without reading it, on the belief that said representations are true, and that upon the discovery of the fraud the contract was promptly rescinded, and the property offered to be returned. Plaintiff set up by way of replication that defendants

[Commercial Finance Co. v. Cooper Bros.]

agreed in said contract that there was no other contract of any kind, verbal or written, except the one sued on, and that defendants agreed in said contract to accept the goods as their property when shipment was made.

GRAVES EMBRY, for appellant.　CARL C. SMITH, for appellee.

ANDERSON, C. J.—(1, 2) It is, no doubt, true that W. E. Cooper had no right to testify as to what articles he bought if the contract contained the true articles and was such a contract as was binding upon Cooper Bros.; but the defendants' evidence shows that the contract signed was not the one made by the defendants, and was signed upon the misrepresentation of the salesman Brown; therefore the witness W. E. Cooper had the right to tell what articles he purchased, and Brown represented to him that the contract covered said articles instead of the ones shipped. A contract executed by one in reliance upon false representations as to its contents is not binding upon the party deceived if he elects to avoid it, although he could read and had an opportunity to read the said contract before signing same.

"A party asserting facts cannot complain that the other took him at his word."—*Shahan v. Brown*, 167 Ala. 534, 52 South. 737; *Moline Jewelry Co. v. Crew*, 171 Ala. 415, 55 South. 144.

The trial court did not err in permitting W. E. Cooper to testify what articles he contracted to purchase, which was relevant in connection with the other evidence going to show that the contract signed did not speak the truth and was not binding upon the defendants. For the same reason there was no error in admitting the showing of the witness Mitchell, who heard the trade between Cooper and the salesman Brown, and who corroborated W. E. Cooper.

The trial court did not err in the conclusion upon the facts, as the defendants' evidence, which was practically uncontradicted, showed that the contract was not the one they made, and was not therefore binding, and they did nothing to estop themselves from setting up its invalidity by retaining the goods or otherwise.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.