(79 South. 305)

### BRENARD MFG. CO. v. JACOBS & PADGETT. (8 Div. 112.)

(Supreme Court of Alabama. June 6, 1918.)

EVIDENCE. ☞434(11)—PAROL EVIDENCE AFFECTING WRITING—FRAUD OR MISREPRESENTATION.

In suit on notes for price of piano, given in trade, testimony that plaintiff's agent misrepresented he had arranged with newspaper man for advertising was not inadmissible, as varying instrument signed by defendants, stating that with piano defendants ordered book of suggestions to customers (of plaintiff) for newspaper advertising at purchaser's expense.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Assumpsit by the Brenard Manufacturing Company against Jacobs & Padgett. From judgment for defendants, plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The charge refused to defendant is as follows:

The written contract, a copy of which is in evidence, shows what was agreed to between the parties.

John B. Tally, of Scottsboro, for appellant. Bouldin & Wimberly, of Scottsboro, for appellees.

SAYRE, J. Appellant sued on a number of promissory notes. Appellees defended on the ground, stated in their third plea, that the notes in suit were given in a trade, and that as a material inducement thereto appellant had made certain false and fraudulent representations, on account of which they had rescinded the contract. The trade was evidenced by a paper writing signed by appellees. Appellant objected to the testimony of appellees going to show the misrepresentation alleged, on the ground that it was an effort to vary the terms of the contract. The fact that the trade was evidenced by a paper writing did not preclude the admission of parol evidence of the fraud or misrepresentation alleged. Nelson v. Wood, 62 Ala. 175. The principle of law upon which the fore-

going statement is based, that fraud vitiates everything, is not affected in its application to this case by the fact that appended to the instrument signed by appellees was a statement to the effect, among other things, that along with the piano appellees ordered "one book suggestions to customers for newspaper advertising at purchaser's expense," for appellees' testimony was that appellant's agent represented that he had already made arrangements with the newspaper man for the advertising and that this representation proved to be false. This evidence of the alleged fraudulent misrepresentation went to the consideration, and so to the life, of the contract, and was properly admitted to the jury. The same principle determines the proposition that the charge requested by appellant was refused without error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.