## J. B. COLT CO. v. CHANNELL. (6 Div. 77.)

(Court of Appeals of Alabama. Oct. 31, 1922.
Rehearing Denied Jan. 9, 1923.)

**Appeal and error ⬤⟶997(3)—Reversal for improper refusal of affirmative charge.**

Appellate court will reverse for refusal of affirmative charge to plaintiff in action for price, in which the pleas set up false representations not contained in the written contract, the replications of estoppel, waiver, and failure to rescind in a reasonable time being fully proven.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by the J. B. Colt Company against A. F. Channell. After refusal of affirmative instruction, plaintiff took a nonsuit, and appeals. Reversed and remanded.

Thompson & Thompson and Monette & Taylor, all of Birmingham, for appellant.

A plaintiff is entitled to the general charge, requested in writing, when there is no material conflict in the testimony. 2 Mayf. Dig. 526. A party attempting to rescind a contract must act with reasonable diligence after discovery, giving notice, to the other party, and offer to return the property. 2 Ala. 181; 115 Ala. 366, 22 South. 422; 197 Ala. 505, 73 South. 24.

Festus F. Windham, of Tuscaloosa, for appellee.

The affirmative charge should never be given, where there is any conflict in the evidence, or where different inferences may be drawn therefrom. 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186; 123 Ala. 641, 26 South. 510.

MERRITT, J. The appellant brought suit on a promissory note executed by appellee to appellant, the note being given for the purchase price of a lighting plant for the appellee's home. There was much pleading, but, as we gather from the judgment entry, the trial was had on special pleas 3 and 5 and replications 1, 2, 3, and 4. After the introduction of the testimony, the plaintiff requested the general affirmative charge, which was refused. Thereupon the appellant took a nonsuit with a bill of exceptions, and the only assignment of error is the refusal of the court to give the written charge as requested by appellant.

Plea 3, in substance, alleges that the consideration of the note was the purchase price of a lighting plant to be delivered and installed in the appellee's home, and that the appellant, through its agent, made false and fraudulent representation to appellee pending the negotiations for the purchase,

in that said agent represented, that said lighting plant would satisfactorily light his (appellee's) house, that he would guarantee it to give complete satisfaction, would burn for a long time without being recharged, would cost little to keep properly charged and to operate it, and that appellee would have 12 months' trial of the plant, all of which representations were alleged to be false, and that the appellee relied upon such representation, and "that, acting upon said false and fraudulent representations, appellee executed said note, and without which he would not have executed said note."

Plea 5, in substance, alleged that the appellee is illiterate and unable to read or write except to barely subscribe his name, in a mechanical way; that the agent of the appellant, in order to induce him to sign the order for the lighting plant, represented that the plant would only consume 400 pounds of carbide a year and satisfactorily light his house; that appellee relied upon such representations, which were false, and known by appellant's agent to be false.

Replication 2 admitted the consideration of the note sued on was the purchase price of a lighting plant; that the order for the plant was in writing; that, by virtue of the terms contained in the order, upon its acceptance by the appellant it was to become and did become a contract of purchase of said lighting plant; that appellant accepted said order and delivered the plant at the place and according to the terms thereof; that, as a part of the order or contract of purchase of said lighting plant, appellant warranted the plant to be thoroughly durable, galvanized steel, acetylene generator, automatic in action, and of good material and workmanship, and this was the only guaranty or warranty that plaintiff made to appellee; that in said order and as a part thereof appellee represented to appellant that the said order or instrument ordering said lighting outfit, upon the acceptance of the same by plaintiff, covered all the agreements between the purchaser and seller; and that, in said order or contract, appellee represented that no agent or representative of appellant had made any statement or verbal agreement adding to or modifying the terms and conditions set forth in said order, and that it was upon such representations that appellant accepted and filled such order, and that on this account the appellee was estopped from setting up warranties and representations other than those contained in said order.

Replication 3 set out the same facts, and additional facts that the plant had been received by appellee, installed and used, that appellant was notified by appellee that it was satisfactory, and appellee had waived any right he may have had to claim any

defects in warranty or false representations on the part of appellant's agent.

Replication 4 set up a failure to rescind the contract within a reasonable time.

The sufficiency of the above pleas and replications was questioned by demurrers, which were overruled, but, there being no assignment of error as to the rulings of the court in this respect, nor insistence of counsel that error was committed in such ruling, we do not consider or pass upon such rulings, but confine our opinion to the one question, as to, whether the court rightly refused to the plaintiff the affirmative charge, under the above pleadings and the evidence as set out in the bill of exceptions, which purports to contain all the evidence offered in the trial of the case. Nor do we think it necessary to go into a discussion of the testimony, which is quite lengthy, but a consideration thereof convinces us that the replications of the plaintiff were fully proven, and that the charge requested by the plaintiff should have been given.

As the case must be remanded for another trial, and the question of the pleading may again be considered, the following cases are cited, as bearing on the questions, evidently intended to be presented by the pleas. Prestwood v. Carlton, 162 Ala. 327, 50 South. 254; Capital Securities Co. v. Gilmer, 190 Ala. 340, 67 South. 258, Ann. Cas. 1917A, 888; Capital Securities Co. v. Owen, 196 Ala. 385, 72 South. 8; Fulton v. Sword Medicine Co., 145 Ala. 331, 40 South. 393; Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433; Commercial Finance Co. v. Cooper Bros., 196 Ala. 285, 71 South. 684; Adams Hdwe. Co. v. Wimbish, 201 Ala. 548, 78 South. 902; Brenard Mfg. Co. v. Jacobs, 202 Ala. 7, 79 South. 305.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

The judgment entry shows that demurrers to the rejoinders were sustained. It is true that the judgment entry recites that the rejoinders were amended by "striking out references to original order," and demurrers to the rejoinder as amended were overruled. Nowhere in the record are the amended rejoinders set out, and, interpreting them as best we can by eliminating all reference to the original order, it appears that practically the same questions were presented as set up in pleas 3 and 5 and replications thereto.

We find no reason to change the conclusion reached, and the application for rehearing is overruled.