(106 So. 171)

## BRENARD MFG. CO. v. PEARSON.
### (5 Div. 922.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Bills and notes ⬅477—Pleading ⬅406(5) —Maker's plea of fraud held good.·**

Plea of maker, sued on note by payee, that agreement which formed a part of contract in consideration of which he executed note was procured fraudulently, through misrepresentations of payee's agent as to contents of a paper writing witnessing the agreement, *held* good, despite its faultiness in being prolix, in undertaking to state the evidence and in lacking perfect clearness, in view of failure by payee to point out defects by demurrer or otherwise, pursuant to Code 1923, § 9479.

**2. Bills and notes ⬅486—Payee company, against which maker interposed plea of fraud in procurement of note, could not allege it was bona fide holder without notice.**

In action by payee on note, against which maker interposed plea of fraud in procurement, it was obviously futile of payee to allege in his replication that he was a bona fide holder without notice, though it appeared that the note was procured by payee's agent.

**3. Contracts ⬅94(1)—Fraud vitiates everything in contract, including stipulation against countermanding contract.**

Fraud vitiates everything in contract, including stipulation against countermanding contract.

**4. Evidence ⬅434(8)—Fact agreement was in writing did not preclude admission of parol evidence of fraud or misrepresentation in procuring it.**

Fact agreement, forming part of contract in consideration of which defendant executed notes sued on, was in writing, did not preclude admission of parol evidence of fraud or misrepresentation as to contents of paper writing witnessing the agreement.

**5. Bills and notes ⬅537(4)—Whether maker was deceived held for jury.**

Where evidence was conflicting in connection with maker's plea of fraud in procurement of agreement forming part of contract in consideration of which note sued on was executed, whether maker was deceived *held* for jury.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Action on notes by the Brenard Manufacturing Company against B. F. Pearson. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

De Bardeleben & Russell, of Tuskegee, and Ball & Beckwith, of Montgomery, for appellant.

A plea of fraud must set forth every element entering into the alleged fraud. Carmelich v. Mims, 88 Ala. 335, 6 So. 913. A plea that is argumentative, or sets forth conclusions, is subject to demurrer. Code 1923, §§ 9457, 9469; Black v. W. T. Smith Lbr. Co., 179 Ala. 397, 60 So. 154; Russell v. Bush, 196 Ala. 309, 71 So. 397; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31. A commission allowed to one to solicit orders does not constitute him an agent with authority to make absolute contracts. · Gould v. Cates Chair Co., 147 Ala. 629, 41 So. 675. A written contract may not be contradicted by parol testimony. Fulton v. Sword Med.· Co., 145 Ala. 331, 40 So. 393; Bozeman v. J. B. Colt & Co., ·19 Ala. App. 126, 95 So. 588. If there was fraud in the transaction between the defendant and the agent, it cannot be charged to the plaintiff, but to the defendant, by reason of his own negligence. Hopkins v. Hawkeye Ins. Co., 57 Iowa, 203, 10 N. W. 605, 42 Am. Rep. 41; Douglass v. Matting, 29 Iowa, 498, 4 Am. Rep. 238; First National Bank v. Hall, 169 Iowa, 218, 151 N. W. 120.

R. H. Powell, of Tuskegee, for appellee.

Plea 2 fully sets forth the facts upon which defendant based his allegation of fraud, and was sufficient. Beck v. Houppert, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Tillis v. Austin, 117 Ala. 262, 22 So. 975; Butler Cot. Oil Co. v. Campbell, 16 Ala. App. 445, 78 So. 643; Folmar v. Siler, 132 Ala. 297, 31 So. 719; Leonard v. Roebuck, 162 Ala. 312, 44 So. 390; Bank v. Webb & Butler, 108 Ala. 132, 19 So. 14. A principal, who seeks to avail himself of a contract made by another for him, is bound by the representations made by the agent. Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Gilliland v. Dunn & Co., 136 Ala. 327, 34 So. 25; Cent. R. R. & Bank. Co. v. Lampley, 76 Ala. 357, 52 Am. Rep. 334.

SAYRE, J. [1] Appellee's effort in plea 2 was to allege fraud in the procurement of the agreement which formed a part of the contract in consideration of which he executed the promissory notes in suit—fraud in that appellant's agent misrepresented the contents of the paper writing witnessing the agreement. The plea contains the elements of a good defense. Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760. The plea had faults, it will not be denied. It was prolix to a degree; it undertook to state the evidence; it was not as clear in any respect as it might have been; but not by demurrer or otherwise were its defects pointed out or distinctly stated as the statute requires. Code 1923, § 9479.

[2, 3] Nor was there error in sustaining appellee's demurrers to the several replications filed by appellant. In the presence of the charge of fraud contained in plea 2, it was obviously futile to allege that appellant, the payee named in the notes in suit and a party to the alleged fraud in their procurement, was

a bona fide holder without notice. True, the transaction in question was negotiated between appellee and an agent of appellant; but appellant, seeking to enforce the contract, is bound by what its agent did in its procurement. Nor is it of any consequence that the alleged agreement contained a stipulation that it could not be countermanded. Fraud vitiates everything, that stipulation, as well as the rest of the alleged contract.

[4] There was no error in the ruling by which the court admitted the evidence in support of the plea. The fact that the agreement was in writing did not preclude the admission of parol evidence of the fraud or misrepresentation alleged in the plea. Brenard Mfg. Co. v. Jacobs, 202 Ala. 7, 79 So. 305.

[5] The evidence was in conflict as to the misrepresentation alleged and appellant's requested affirmative charge was properly refused. It may be hard to believe that appellee was deceived as he alleges, but that was primarily a question for jury decision, nor has that decision been brought here for review by a motion on the ground that it was against the great weight of the evidence.

We have no recourse but to order an affirmance.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.