169 So. 312

STANDARD OIL CO. v. MYERS.

6 Div. 829.

Supreme Court of Alabama.

June 25, 1936.

Rehearing Denied July 16, 1936.

Fred G. Koenig, Sr., of Birmingham, for appellee.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for appellant.

THOMAS, Justice.

The trial was had on the common counts.

Where a contract has been executed by the parties thereto and all that remains is the payment of the amount due therefor under the contract, the party to whom the consideration is·due may maintain an action therefor in the form known as the common counts. Code, § 9531, forms 10 and 11.

The defendant says it is not indebted, and that it has paid plaintiff all sums due under the contracts alleged.

It is undisputed that at the inception of the parties' dealings there was a written lease and an agency contract signed by the parties. The defendant claims modification thereof by subsequent contracts or agreements. This is denied by the plaintiff.

The trial court charged: "Now, it is the law that a party who signs his name to a written contract, and who can read and understand that contract, but who does not elect to read it, is bound by the terms· of it, just the same as if he did read it, unless through fraud or misrepre-

sentations by the other party or its agents he was induced to sign it without knowing the true contents, in which event it would not be the contract of the party who had been defrauded." Exception was reserved by the defendant to this portion of the oral charge, and it is here insisted that the evidence did not warrant such instruction, nor was it warranted under the reasonable tendencies of the evidence.

█ There was no error in overruling the objection that the question to Mr. Myers, "Mr. Myers, when you signed this paper, I will ask you to state—look at the paper. This is one, and then the rider that is on it. I will ask you to state whether or not you read this thing?" seeks to vary the terms of the contract, and in allowing plaintiff to answer: "No, sir; I did not." Such was not the effect of the question; it did not come within the rule that obtains as to varying the terms of a written contract by parol testimony. Formby v. Williams, 203 Ala. 14, 81 So. 682.

The record recites the following in the course of examination of plaintiff in this connection: ,

"When I put my signature on this paper and this writing, Mr. Carter brought it to me. I couldn't say positive where I was when he brought it; I was at work right there at the filling station, painting. * * *

"Q. Did Mr. Carter tell you what the paper was? A. No, sir. I asked him this question. I said, what is it for?

"Thereupon counsel for defendant objected to that portion of plaintiff's answer, what he asked Mr. Carter.

"Thereupon the court overruled defendant's said objection to said portion of plaintiff's answer. To this ruling of the court counsel for defendant then and there in open Court duly and legally excepted.

"Thereupon the plaintiff testified further as follows:

"I asked Mr. Carter: 'What was that?' I said: 'Mr. Carter, I am black and greasy. I never sign anything unless I read it.' He said: 'Mr. Myers, it wasn't nothing but to give you a little more money.' * * *

"Q. I will ask you this question: Yesterday you testified that you had made objections to Mr. Carter of the Standard Oil Company, and to Mr. Ashley, the Standard Oil Company's driver, with ref-

erence to the fact that you were not getting your three cents commission and your one cent rent. Now, I will ask you to state to the jury whether or not he came before you made those objections or after you made the objections.

"Thereupon counsel for defendant objected to said question so propounded to plaintiff on the ground that it is not sufficiently confined as to the time the objections were made, that it extends over a period of two or three years.

"Thereupon the court overruled defendant's said objection to said question. To this ruling of the court counsel for defendant then and there in open court duly and legally. excepted.

"A. It was afterwards.

"Thereupon counsel for plaintiff asked plaintiff the following question:

"Q. It was afterwards. What was it you said Mr. Carter said? * * *

"Q. The paper—the purpose of that paper— A. Giving you more money.

"Thereupon plaintiff testified further as follows:

"After he told me that it was for the purpose of getting more money, I signed that paper without reading it."

In further examination of plaintiff, the record recites the following:

"When Mr. Carter came out with this contract which I have stated on cross-examination that I signed—Mr. Carter presented that contract to me for signature. He did not tell me what the contents of that paper were before I signed it. I did not read that contract. * * *

"Q. Did he read to you anything with reference to what was in the contract? For what it was for? * * *

"A. I asked him what it was, and he said: 'Mr. Myers, it is just to give you some more money,' and I said: 'I am black and dirty now and I am not going to read it, Mr. Carter; I will just take your word for it,' and he said: 'That is all right, Mr. Myers; I am in a hurry;' and I just signed it.

"Thereupon plaintiff testified further as follows:

"I did not read the contract, not a word of it. I just signed it on the agreement that it was to get more money. I thought he was going to come across with that back money that he wouldn't pay. I stated that I also signed this one. He did not

make any representation to me as to what that paper was before I signed it, only just to give me more money. He did tell me it was to give me more money. * * *

"Q. What did you state with reference to reading it or not? Did you read it? * * * A. I didn't see a thing, only just to see how it read right there—like I told you awhile ago.

"Thereupon plaintiff testified further as follows:

"I did not read it, not a word of it. I signed it after he told me what it was. I am pretty busy at times in conducting my filling station there. Mr. Carter said: 'Mr. Myers, that is what it was for, just to give you some more money, and I am in a hurry.' And I believe he said: 'You know I am not going to tell you nothing that ain't right.' And I signed it. * * *

"When Mr. Carter brought those papers out there and I signed them, he didn't leave what I signed there. They did not lie over at my place at all; only those two Mr. Koenig has got, the contract or lease we have here, and one which was the rent are the only two. I tell the jury when Mr. Carter brought those papers out there and told me what I said he told me, I just signed them and he took them on away with him, and they did not lie over at my place at all; if they did, I didn't know it."

It is insisted by the defendant, and its evidence tended to show, that there was a modification of the original contract for agency commissions. Thus there was conflict in the evidence on the material question of modification and change of rates of compensation, as originally agreed upon by the parties in their written contract. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

■ It is established that a contract executed or modified by one party in reliance upon material false representations as to the contents of such last writing is void in toto at the election of the one so fraudulently induced or misled to his prejudice, although the latter neglected to read that writing (when he could read and had an opportunity to do so) and it recites that it was read and understood by the party so engaging. Moline Jewelry Company v. Crew, 171 Ala. 415, 55 So. 144; Leonard v. Roebuck et al., 152 Ala. 312, 44 So.

390; Commercial Finance Co. v. Cooper Bros., 196 Ala. 285, 71 So. 684. This subject is treated in the notes, and the authorities from this and other jurisdictions are collected in 56 A.L.R. pp. 17, 38, 57, 111, 126, and the rule is thus stated: "The general rule is that, notwithstanding stipulations in the contract purporting to make it the sole evidence of the agreement of the parties, or to negative extraneous representations or reliance thereon, the doctrine already stated applies, viz., that the admission of parol or extrinsic evidence to show fraud inducing the contract is not a violation of the principle which prohibits the varying of a writing by parol or extrinsic evidence. Such special provisions are of various kinds, the most usual being to the effect that the contract cannot be countermanded, that it is made upon representations therein stated, and no others, that it contains the entire agreement of the parties, that no understandings or agreements not in the contract shall be binding, that no representations other than those specified therein have been made, that the parties are acting entirely on their own judgment, etc. The general rule above indicated that, notwithstanding such stipulations in the written contract, parol or extrinsic evidence is admissible to show fraud inducing its execution, is supported by numerous decisions." Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 So. 212; Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; Brenard Mfg. Co. v. Pearson, 213 Ala. 675, 106 So. 171. See, also, Commercial Finance Co. v. Cooper Bros., 196 Ala. 285, 71 So. 684; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

■■ We have indicated that, where the evidence is conflicting, the matter and issue become one for the trier of facts, and the judgment of the lower court will not be disturbed on appeal, although it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Cobb v. Malone & Collins, 92 Ala. 630, 9 . So. 738; Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 344, 70 So. 7.

■ The statements from plaintiff's evidence, above indicated, were of material fact as to the terms of the lease or

commissions, and not the mere "expression of an opinion concerning" the same, as was the case from this jurisdiction cited by appellant, Stevens et al. v. Alabama State Land Co., 121 Ala. 450, 25 So. 995. There was no error in instructing the jury (as we have indicated) as the trial court did in the oral charge. It was warranted under the tendencies of evidence adduced.

■ Further exception is reserved to that portion of the oral charge which reads: "The burden of proof would be upon anyone alleging fraud to prove to your reasonable satisfaction that there had been fraud, or a material—a misrepresentation of material facts which induced *or might have induced that party to enter into the contract, where otherwise he would not have done so.*" (Italics supplied.)

It is a provision of our statute that "misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud." Code, § 8049. It has long been declared that misrepresentations must be shown to have been of a material fact of interest to the other party and which he has a right to know, and that he was misled by the misrepresentations (Juzan et al. v. Toulmin, 9 Ala. 662, 44 Am.Dec. 448; Saltonstall and Wife v. Gordon, 33 Ala. 149); that the misrepresentation or concealment of a material fact, on which a purchaser has a right to rely, and does rely, operating an inducement to the contract, and whereby he is deceived and injured, is fraud, which entitles him to a right of action. Jordan & Sons v. Pickett, 78 Ala. 331; Moses v. Katzenberger & Sons, 84 Ala. 95, 4 So. 237; Bomar v. Rosser, 131 Ala. 215, 31 So. 430; Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 So. 1015; 1 Story's Eq.Pl. § 207; 1 Bigelow on Fraud, p. 540.

■ In Bethea-Starr Packing & Shipping Co. v. Mayben, 192 Ala. 542, 68 So. 814, the authorities are collected to the effect that a misrepresentation of a material fact by a party to a contract, whether intended to deceive or not, may entitle the other party to the contract to an action if such party reasonably relied thereon and it formed an inducement to his prejudice. Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; White v. Glenn et al., 205 Ala. 303, 87 So. 331; Dean v. Brown, 201 Ala. 465, 468, 78 So. 966; Greil Bros. Co. et al. v. McLain, 197 Ala. 136, 72 So. 410; Roth Shoe Mfg. Co. v. Kartus et al., 19 Ala.App. 612, 99 So. 772.

■ When that part of the oral charge last above quoted, to which exception was reserved, is considered under the evidence and in its context, there was reversible error in so instructing the jury. It sought to leave open to the jury that it was its province (1) to pass upon the fact vel non of fraud or misrepresentation of a material fact, and (2) whether such misrepresentation, if such there was, was calculated to have induced, and did induce, the party to enter into a modification of the contract, when otherwise he would not have so modified his contract. The entire context left the questions of fact for the jury: Whether the signing of a written contract by the plaintiff, who could read and understand, but who did not read it, would be binding upon him as if he had read the same, unless by fraud or material misrepresentation by the opposite party or his acting agent in the matter such signature was induced without plaintiff's knowledge of its contents? The last part of the charge to which exception was reserved is contrary to the principle that the misrepresentation, if made, must have induced (not sufficient if it might have induced) modification of the contract. The one clause being in the alternative renders the whole statement of the principle of law in that respect bad. For this error the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.