195 So. 303

**GENERAL MILLS, Inc., v. CARTER.**

8 Div. 838.

Court of Appeals of Alabama.

April 2, 1940.

Wm. Stell, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

SIMPSON, Judge.

The first count of appellant's complaint in the court below was in common assumpsit. The second and third proceeded for the breach of a special, written contract, by which the defendant assumed to purchase certain flour of the appellant within 120 days of its execution. The contract provided that the defendant should, within

à specified time, give to appellant shipping instructions regarding the flour, and further, for the right of cancellation of the contract by appellant should the defendant fail to give such instructions. Liquidated damages for breach of contract by defendant were also stipulated therein. Some, but not all, of these damages were susceptible of certain calculation by reference to the contract alone, whereas proof aliunde was necessary to support other elements of the damages stipulated.

■ The defendant, in addition to the general issue, interposed, as defense to the action, special pleas asserting that the contract counted on was not the true agreement between defendant and appellant's duly authorized agent, who acted for appellant in the transaction, but to the contrary that the real contract was conditional, and not to take effect unless, within the 120 day period specified, the defendant should elect to purchase the articles listed in the contract, i. e. that the defendant just "booked" the flour to purchase it within the stated period at the stated price, should his business justify and if he should so desire. The plea further set forth that said agent of appellant falsely represented to defendant that the paper presented by him to defendant for signature was not a contract of purchase, but was the "booking" agreed upon between them, and that, without reading it, but in reliance upon these representations of the agent, the defendant signed it. This plea, if properly supported by evidence, entitled the defendant to a verdict in his favor.

The appellant submitted its case upon the introduction of the contract sued on, proof that the defendant signed it and that appellant duly terminated the same in accordance with its provisions. The defendant's evidence, not substantially rebutted, tended to prove his plea of fraud and misrepresentation. Verdict was returned in favor of defendant and plaintiff appeals.

■ It is assigned as error that the court improperly refused to appellant the general affirmative charge, requested, in that defendant failed to affirmatively show injury by reason of the alleged fraud of appellant's agent and that no notice was given appellant of his intention to rescind the contract sued on after his discovery of the alleged fraud. Such position is untenable and the cases cited by appellant have no application to the facts here involved. The fraud or false representation here alleged is as to the contents and terms of the written contract, and if satisfactorily proved, rendered the contract sued on void ab initio and in toto. Under such circumstances, no notice of rescission was necessary, as there was no sufficient meeting of minds of the contracting parties to create a valid, binding agreement. Standard Oil Company v. Myers, 232 Ala. 662, 169 So. 312; Moline Jewelry Company v. Crew, 171 Ala. 415, 55 So. 144; Commercial Finance Company v. Cooper Bros., 196 Ala. 285, 71 So. 684.

The facts also tend to support a disavowal by defendant of the contract sued on. He never recognized it as the true agreement of the parties, but, according to his testimony, not substantially contradicted, consistently maintained that the real contract was as stated in his special pleas. This, in itself, seems to indicate an implied if not actual rescission of the contract.

■ The insistence that the court erred in charging the jury that the burden was on plaintiff to prove that it was "ready, able and willing to deliver the flour" cannot be sustained under the facts. This allegation is contained in Counts 2 and 3 of the complaint, which exhibited the contract as a basis for recovery, and of necessity should have been supported by the proof stipulated by the court. Right of action under Count 1 was based upon the same contract and without proof of appellant's ability and willingness to deliver the articles described in the contract there could have been no recovery. This quoted instruction of the court was but the pronouncement of the general rule that the seller performs his contract by being able, ready and willing to deliver in accordance with its terms. 55 C.J. p. 320, Section 310; 12 Am.Jur., p. 889, Section 333; Sheip, Inc., v. Baer, 210 Ala. 231, 97 So. 698. The record does not affirmatively show any prejudice to the appellant by this instruction. The contract sued on contained stipulations as to liquidated damages which made this statement of the law applicable, and we perceive no error in the instruction to the jury.

■ In the course of recross examination of defendant by appellant's attorney, the court sustained defendant's objection to the following question: "Mr. Carter, you testified you had been booking flour for twenty years and under that situation, would you not be familiar with the terms of

a flour contract?" Considerable latitude in cross examination of the defendant, regarding the contract in question, had already been allowed appellant, and answer to a question so obviously argumentative could have shed no further light upon the issue involved. There was no error or prejudice to the appellant in this ruling of the court.

The evidence strongly supported the verdict of the jury and the judgment is affirmed.

Affirmed.