**ADVANCED STUDIOS OF ALABAMA, INC., a corporation, Plaintiff-Appellant,**

v.

**ADVANCED HAIRPIECE, INC., a corporation, et al., Defendants-Appellees.**

No. 77–3062.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1979.

James L. Shores, Jr., R. Michael Booker, Birmingham, Ala., for plaintiff-appellant.

M. Wayne Wheeler, Birmingham, Ala., for defendants-appellees.

Before TUTTLE, GOLDBERG and RANDALL, Circuit Judges.

GOLDBERG, Circuit Judge:

Plaintiff-Appellant, Advanced Studios of Alabama, Inc., appeals the grant of a summary judgment in favor of Defendants-Appellees, Advanced Hairpiece, Inc., *et al.* Since we find no merit in the contentions raised on appeal, we affirm.

Plaintiff became a franchise licensee of defendants by written contract. Plaintiff subsequently negotiated sales of sub-franchises which were objected to by the defendants as being in breach of the written franchise agreement between the parties. In response, plaintiff brought suit alleging misrepresentation and fraud on the part of the defendants stemming from alleged oral misrepresentations made prior to the execution of the written agreement. The complaint alleged that during negotiations the defendants represented that the plaintiff could sell subfranchises in the territory granted to the plaintiff. The contract only provided for the sale of the *entire* franchise.[1] Plaintiff admitted that the entire franchise agreement had been read before it was signed and that his counsel partici-

---

1. The agreement provided, in part:

   17. *Sale of Franchise by Licensee.* Licensee may sell his entire interest in the franchise herein granted and Licensor covenants to recognize and deal with any assignee of Licensee, provided that:

   (a) The prospective assignee meets the minimum qualifications for prospective licensees as established by Licensor at the time of the proposed assignment;

   (b) Licensor is accorded the first right to purchase Licensee's interest on the same

pated in negotiations and rendered assistance.

 Plaintiff is correct in asserting that an action would lie for fraud in the inducement despite the standard merger clause contained in this agreement.[2] *See, e. g., Nelson Realty Co. v. Darling Shop, Inc.,* 267 Ala. 301, 101 So.2d 78, 85 (1957); *Waters v. W. O. Wood Realty Co.,* 260 Ala. 527, 71 So.2d 1, 6 (1954); *Stanard Tilton Milling Co. v. Mixon,* 243 Ala. 309, 9 So.2d 911, 913 (1942). The fatal flaw in the plaintiff's case has always been that, while fraud is alleged, the facts alleged in the complaint and described in answers to interrogatories do not meet the definition of fraud. First, we agree with the district court's findings that the alleged oral representations and the written clause explaining the right of plaintiff to sell the entire franchise are not so necessarily inconsistent or so incongruous to establish an intent to deceive. More importantly, the plaintiff's only claim is that the defendants misstated what was in the proposed written contract; a contract both parties had negotiated; a contract both parties had before them; a contract both parties had read; a contract both parties had counsel review; a contract both parties signed. Because it is admitted that plaintiff read the contract and even had assistance of counsel, plaintiff cannot claim that it was deceived as to what the contract actually said. Thus, it cannot claim the benefit of those cases that hold that, where a party signs a contract without reading it—in spite of his ability and opportunity to do so—in reliance upon the other party's representations as to its contents, he can claim fraud in its inducement if the other party has misrepresented its contents. *See, e. g., Standard Oil Co. v. Myers,* 232 Ala. 662, 169 So. 312, 314 (1936); *Moline Jewelry Co. v. Crew,* 171 Ala. 415, 55 So. 144, 145 (1911). Plaintiff can claim at most that defendant misrepresented the *construction* to be given the clause pertaining to the sale of franchises. Absent a relation of trust and confidence between the parties or some other exceptional fact or circumstance, this type of misrepresentation—misrepresentation of a matter of law—cannot form the basis for a claim of fraud. See *Rutter & Hendrix v. Hanover Fire Ins. Co.,* 138 Ala. 202, 35 So. 33, 37 (1903); *Bank of Loretto v. Bobo,* 37 Ala.App. 139, 67 So.2d 77, 85 (1953), *cert. denied,* 259 Ala. 374, 67 So.2d 90; 12 Williston on Contracts § 1495 (W. Jaeger 3d ed. 1970). Because the facts before us show the contract to be the result of a series of negotiations during which plaintiff was represented by counsel, we can find no special circumstances to take this case outside the general rule. This reasoning is equally applicable to both the corporate and individually named defendants.

We agree with the district court's findings and disposition of this case.[3]

AFFIRMED.

---

terms at which the interest is offered to any prospective assignee and Licensee agrees to inform any prospective assignee of Licensor's right reserved herein, and

(c) Any assignee of Licensee's interest in the franchise executes directly with Licensor a basic Franchise Agreement similar to the agreement which Licensor required of a new prospective Licensee at the time of assignment. If the assignment is to a corporation, said corporation must execute a copy of the Franchise Agreement required of prospective corporate licensees.

2. The agreement provided, in part:
   23. *Entire Agreement.* The foregoing constitutes the entire agreement between the parties and the provisions hereof shall be binding upon the parties, their executors, administrators, successors, and assignees. This agreement may not be modified or amended except in writing. . . .

3. The district court concluded that its dismissal of plaintiff's fraud claim required it to dismiss also defendant's counterclaim for breach of the franchise agreement because the parties had agreed to litigate the construction of the contract in the courts of Florida. Following the lead of the district court, we express no opinion upon the construction of the agreement.